Clayton CHRISTENSEN, District Governor 597, and Regional Office of Rotary International, Appellees,

v.

IOWA CIVIL RIGHTS COMMISSION, and Evelyne Villines, one of the Members of the Said Commission, Appellants.

No. 63730.

Supreme Court of Iowa.

May 21, 1980.

Thomas J. Miller, Atty. Gen., and Scott H. Nichols, Asst. Atty. Gen., for appellants.

P. L. Nymann of Jacobs, Gaul, Nymann & Green, Sioux City, for appellees.

McCORMICK, Justice.

The question here is whether the district court has jurisdiction of a nonagency party's original action to compel discovery in a contested case before an agency. The trial court held it does and consequently overruled respondents' special appearance in this case. Respondents appeal from default judgment subsequently entered. We reverse and remand for dismissal.

Margaret Rayburn filed a sex discrimination complaint with respondent Iowa Civil Rights Commission against petitioner Clayton Christensen, a district governor of Ro-

tary International, and the Regional Office of Rotary International (hereinafter "Rotary"), arising out of Rotary's rejection of her application to participate in a group study exchange trip to Wales. After staff investigation of the complaint, respondent commission member Evelyne Villines made a finding for the Commission that the allegations of the complaint were supported by probable cause. Conciliation was attempted but failed. The proceeding then became a contested case before the Commission.

Rotary sought discovery through written interrogatories addressed to the Commission and through oral deposition of respondent Villines. The Commission failed to answer the interrogatories, apparently because of objections to one which asked for details regarding the handling of all complaints filed with the Commission in the three prior years. In addition, the Commission failed to make respondent Villines available for her deposition, evidently because it believed she should not be questioned about the probable cause finding.

The present action was brought by Rotary in an effort to obtain a court order to compel the Commission and Villines to respond to discovery. The petition cites sections 17A.13 and 17A.19, The Code, as authority for district court review of respondents' refusal to comply with the discovery requests.

Respondents appeared specially, challenging the subject matter jurisdiction of the court. They listed various objections to the discovery and alleged Rotary's failure to exhaust administrative remedies by seeking relief from the Commission's hearing officer before seeking a judicial remedy.

The district court overruled the special appearance. Respondents then defaulted, and the court entered judgment ordering them to comply with the discovery requests. In this appeal, respondents contend the district court erred in overruling their special appearance.

Respondents rely on the provisions of section 17A.19, which constitute the exclusive means by which a party may challenge agency action "[e]xcept as expressly provid-

ed otherwise by another statute referring to [chapter 17A] by name." Principles governing application of section 17A.19 are delineated in *Salsbury Laboratories v. Iowa Department of Environmental Quality*, 276 N.W.2d 830, 833–38 (Iowa 1979), and cases cited there. Some of those principles were recently restated in *Neumeister v. City Development Board*, 291 N.W.2d 11, 13 (Iowa 1980), and *Iowa Industrial Commissioner v. Davis*, 286 N.W.2d 658, 660–62 (Iowa 1979). We need not repeat them here.

Unless section 17A.13 creates an exception to the requirements of section 17A.19, Rotary was obliged to meet the usual jurisdictional prerequisites for judicial review in bringing its district court action to compel discovery. Analysis of section 17A.13 reveals no express exception to section 17A.19 requirements.

■ The substantive provisions in section 17A.13 regarding agency subpoena powers parallel provisions in the federal Administrative Procedure Act. 5 U.S.C. § 555(d) (1976). *See generally*, 1 K. Davis, Administrative Law Treatise, § 8.15 (1958). The statute has no counterpart in the Model Administrative Procedure Act. *See* 13 Uniform Laws Annotated 413 (1980 Pamphlet) (text of act). No authority for discovery before the agency appears in either the federal APA or the Model Act. The provision for discovery in section 17A.13 appears to be unique.

In material part, section 17A.13(1) provides:

Discovery procedures applicable to civil actions shall be available to all parties in contested cases before an agency. Evidence obtained in such discovery may be used in the hearing before the agency if that evidence would otherwise be admissible in the agency hearing. Agency subpoenas shall be issued to a party on request and shall not be subject to the distance limitation of section 622.66. On contest, the court shall sustain the subpoena or similar process or demand to the extent that it is found to be in accordance with the law applicable to the issuance of

subpoenas or discovery in civil actions. In proceedings for enforcement, the court shall issue an order requiring the appearance of the witness or the production of the evidence or data within a reasonable time under penalty of punishment for contempt in cases of willful failure to comply.

Although this provision includes a substantive standard for judicial resolution of contests over discovery, it does not purport to create an exception to the prerequisites for judicial review established in section 17A.19(1). This problem was implicated but not addressed in *Salsbury*, 276 N.W.2d at 838. We find that the only authority in the IAPA for nonagency parties to obtain judicial review of discovery issues is in the general authority for judicial review of agency action in section 17A.19(1).

Under the terms of section 17A.19(1), the district court plainly lacked jurisdiction of the present action.

First, an agency member's failure or refusal to respond to discovery is "agency action" as the term is defined in section 17A.2(9) ("a failure to act, or any other exercise of agency discretion or failure to do so"). Second, the agency action was "preliminary, procedural or intermediate" within the meaning of section 17A.19(1). Finally, Rotary did not meet its threshold burden to exhaust "all adequate administrative remedies" and to show "review of the final agency action would not provide an adequate remedy." *See* § 17A.19(1).

In accordance with section 601A.15(11), the Commission has a rule governing procedural motions, permitting them to be filed with the hearing officer when one has been appointed for the case, otherwise with the compliance director. *See* 240 Iowa Admin.Code § 1.8. The Commission maintains this rule provides an administrative mechanism for resolving prehearing discovery disputes. Although Rotary contends exhaustion of this remedy should not be required because of probable bias of the hearing officer, a claim of bias is insufficient to avoid an exhaustion requirement. *See First Jersey Securities, Inc. v. Bergen,*

605 F.2d 690, 699–700 (3d Cir. 1979). Moreover, even if no adequate administrative remedy existed, Rotary failed to allege or prove the "irreparable injury of substantial dimension" which is necessary in order to show that review of final agency action would not provide an adequate remedy. *Salsbury*, 276 N.W.2d at 837.

If parties were able to interrupt agency proceedings by bringing original district court actions to obtain assistance with every discovery problem which conceivably might arise, the agency process could be effectively disrupted and courts would have a difficult additional burden. We believe the legislature intended that discovery problems in administrative proceedings be settled before the agency whenever possible and, in any event, that judicial review ordinarily await final agency action. We hold that sections 17A.13 and 17A.19 do not give nonagency parties a right of immediate recourse to the courts. Discovery disputes are subject to review on the same terms as other agency action. We do not decide the right of the agency itself to initiate district court actions to enforce discovery. *Cf. Wilson v. Oxberger*, 252 N.W.2d 687, 689 (Iowa 1977) (recognizing the statutory authority of the Commission to petition for judicial enforcement of the subpoena power before the effective date of the IAPA).

We hold that the district court lacked jurisdiction of Rotary's petition to compel discovery and consequently erred in overruling respondents' special appearance. We reverse and remand to the district court with directions that the petition be dismissed.

REVERSED AND REMANDED.

All Justices concur except REYNOLDSON, C. J., and UHLENHOPP and HARRIS, JJ., who take no part.