**Betty GRIMM, d/b/a Grimm Enterprises, Appellee,**

v.

**IOWA DEPARTMENT OF REVENUE, Appellant.**

No. 67162.

Supreme Court of Iowa.

March 16, 1983.

Thomas J. Miller, Atty. Gen., Harry M. Griger, Sp. Asst. Atty. Gen., and Mark R. Schuling, Asst. Atty. Gen., for appellant.

Larry J. Handley of Handley, Berry & Eisenhauer, Ankeny, for appellee.

Kent Emery, Des Moines, for amicus curiae The Kartridg Pak Co.

Considered by REYNOLDSON, C.J., and UHLENHOPP, LARSON, SCHULTZ, and CARTER, JJ.

PER CURIAM.

The issues in this case involve exhaustion of administrative remedies and the jurisdiction of district court to review a decision of the Iowa Department of Revenue (department).

Ninety-five percent of petitioner Betty Grimm's business was the sale of novelty items to carnival operators. The department levied an assessment for unpaid sales tax on her total sales because she could not prove what portion of her sales were wholesale. Grimm filed a protest that resulted in a contested case hearing.

June 30, 1980, the hearing officer filed an order sustaining the assessment except for the penalty and an amount on sales of items found to be resold. The last paragraph of this order provided:

> Pursuant to section 17A.15(3), The Code 1979, this hearing officer's proposed decision becomes the final decision of the Department of Revenue without further proceedings unless there is an appeal to, or review on motion of, the Department within thirty (30) days of its issuance.

Grimm did not appeal to the director of revenue or to the board of tax review. Nor did she wait thirty days from the date of the order: July 25, 1980, she filed a petition in district court for judicial review.

July 9, 1981, district court entered an order reversing the controverted decision on the merits. This order noted a jurisdictional issue because Grimm had not petitioned the state board of tax review, but the court elected not to rule because the department "stated [it] would not raise the question of jurisdiction at the appellate level if not decided here."

The department appealed from the district court's decision. It asserted the court had jurisdiction despite Grimm's failure to appeal first to the state board of tax review, and that district court erred on the merits of the case. We transferred the case to the court of appeals.

The court of appeals vacated the district court ruling and dismissed the petition for judicial review for lack of subject matter

jurisdiction because Grimm had failed to exhaust administrative remedies by not appealing to the state board of tax review pursuant to Iowa Code section 421.1(4).

We granted the joint application for further review filed by these parties. We now vacate the court of appeals and district court decisions, and remand to district court with direction.

## I. *Failure to Appeal to State Board of Tax Review.*

■ This controversy involves retail sales tax under Iowa Code chapter 422. Section 422.55(1) provides that "[j]udicial review of actions of the director may be sought in accordance with the terms of the Iowa administrative procedure Act." In a recent decision not available to the court of appeals or the district court, we held that "[d]irect judicial review *may* ... be had of actions of the director of revenue coming within chapter 422." *Pruss v. Iowa Department of Revenue,* 330 N.W.2d 300, 303 (Iowa 1983) (emphasis in original). This decision is controlling here. The decision of the court of appeals, bottomed on a law interpretation that Grimm was required to exhaust her administrative remedies by appealing to the state board of tax review, must be vacated.

## II. *Appeal to District Court from Nonfinal Administrative Action.*

■ We have noted Grimm did not wait thirty days before seeking judicial review of the hearing officer's decision. This fact was overlooked by the district court and the court of appeals, and by the parties until we requested them to provide supplemental briefs on the issue thus presented.

The relevant statutory provision involved here is section 17A.19, which provides:

> *Except as expressly provided* otherwise *by another statute* referring to this chapter by name, *the judicial review provisions of this chapter shall be* the *exclusive* means by which a person or party who is aggrieved or adversely affected by agen-

cy action may seek judicial review of such agency action. ...

> 1. *A* person or *party who has exhausted all adequate administrative remedies and who is aggrieved* or adversely affected *by any final agency action is entitled to judicial review* thereof under this chapter. ... *A preliminary,* procedural or intermediate *agency action is immediately reviewable if all adequate administrative remedies have been exhausted and review of the final agency action would not provide an adequate remedy.*

Iowa Code § 17A.19 (1981) [1] (emphasis added).

It is obvious our analysis will be guided by the Iowa Administrative Procedure Act, not only because the exception made in the first sentence in section 17A.19 is inapplicable, but also because section 422.55(1) affirmatively mandates the act's terms shall govern. Thus the record must disclose that Grimm "has exhausted all adequate administrative remedies" and is "aggrieved or adversely affected by ... final agency action." Iowa Code § 17A.19(1).

Iowa Code section 17A.15(2) provides in part that "[w]hen the agency did not preside at the reception of the evidence in a contested case, the presiding officer shall make a proposed decision." Section 17A.15(3) makes "that decision ... the final decision of the agency without further proceedings unless there is an appeal to, or review on motion of, the agency within the time provided by rule." The applicable rule is found in Iowa Administrative Code, 730–7.17(5):

> When the director initially presides at a hearing ... the order becomes the final order of the department for purposes of judicial review .... When an administrative hearing officer presides at the hearing the order becomes the final order of the department for purposes of judicial review ... unless there is an appeal to, or review on motion of, the director with-

---

1. The district court and the hearing officer decided the case under the 1979 Code. None of the operative portions of the statutes involved in this case have been changed since then. Hence, citations will be to the 1981 Code.

in thirty days of the date of the order
. . . .

In this case the gist of section 17A.15(3) and administrative rule 730–7.17(5) was conveyed to the parties in the last paragraph of the hearing officer's proposed order, quoted above in our recital of the facts. If within thirty days Grimm did not appeal, or the director did not take review on his or her own motion, the proposed order became final for the purposes of judicial review.

By petitioning for judicial review twenty-five days after the hearing officer filed his proposed decision, Grimm failed to exhaust administrative remedies. It also is obvious she was not "aggrieved or adversely affected by . . . *final* agency action." Thus, the district court had no jurisdiction to consider the petition. *Iowa Industrial Commissioner v. Davis,* 286 N.W.2d 658, 662 (Iowa 1979); *see Christensen v. Iowa Civil Rights Commission,* 292 N.W.2d 429, 431 (Iowa 1980).

In her supplemental brief Grimm argues an appeal to the director would have been fruitless, therefore, as a practical matter, she had exhausted all of her "adequate" administrative remedies. *But see Christensen,* 292 N.W.2d at 431 ("[A] claim of bias is insufficient to avoid an exhaustive requirement."). Her reference apparently is to the jurisdictional escape hatch provided in Iowa Code section 17A.19(1):

A preliminary, procedural or intermediate agency action is immediately reviewable if all adequate administrative remedies have been exhausted and review of the final agency action would not provide an adequate remedy.

Although we are confronted with an "intermediate agency action," "adequate administrative remedies" were not exhausted because Grimm did not wait for the proposed decision to become final. Further, there is no showing that a "review of the final agency action would not provide an adequate remedy." We held in *Salsbury Laboratories v. Iowa Department of Environmental Quality,* 276 N.W.2d 830, 837 (Iowa 1979), that to satisfy the inadequate remedy standard, the petitioner must demonstrate "irreparable injury resulting from following the administrative process." Here Grimm failed to allege or prove irreparable injury. *Christensen,* 292 N.W.2d at 431; *see Davis,* 286 N.W.2d at 662.

We hold district court had no jurisdiction to entertain Grimm's petition for review of preliminary or intermediate agency action, represented by the hearing officer's proposed decision. We vacate the court of appeals opinion for the reasons stated in division I, vacate district court's ruling, and remand to the district court with the direction to dismiss the petition.

COURT OF APPEALS DECISION VACATED; DISTRICT COURT RULING VACATED; REMANDED TO DISTRICT COURT WITH DIRECTION.