LEASEAMERICA CORPORATION,
Appellee,

v.

IOWA DEPARTMENT OF REVENUE,
Appellant.

No. 68908.

Supreme Court of Iowa.

May 18, 1983.

Thomas J. Miller, Atty. Gen., and Harry M. Griger, Sp. Asst. Atty. Gen., for appellant.

Gary J. Streit and Diane Kutzko of Shuttleworth & Ingersoll, Cedar Rapids, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, LARSON, and SCHULTZ, JJ.

REYNOLDSON, Chief Justice.

The Iowa Department of Revenue (department) appeals from district court's dismissal of taxpayer Leaseamerica Corporation's petition for judicial review. District court held Leaseamerica was required to appeal a hearing officer's proposed decision to the director of revenue in order to exhaust its administrative remedies, and dismissed on the ground it had no subject matter jurisdiction. We reverse and remand for proceedings on the merits.

December 26, 1979, the department notified Leaseamerica it owed $218,103.84 consumer use tax with accompanying penalty and interest. The latter filed a protest. After hearing, a department hearing officer issued a "proposed decision" on October 29, 1981, upholding the tax assessment. No appeal was taken to the director of revenue. Nor did the director of revenue, on his own motion, order a review. December 24, 1981, Leaseamerica filed a petition for judicial review in district court.

June 8, 1982, district court entered its ruling. Concluding that Iowa Administrative Code rule 730–7.17(5) was "inconsistent with the procedure contemplated by the legislature," the district court invalidated the rule and dismissed the petition on the ground that Leaseamerica had failed to exhaust administrative remedies. The department appeals, and both parties here agree trial court had jurisdiction and the review petition should not have been dismissed.

I. Before an administrative decision may be reviewed judicially, "all adequate administrative remedies" must be exhausted. Iowa Code § 17A.19(1) (1983).[1] The relevant statutory and administrative provisions are Iowa Code section 17A.15(3) and Iowa Administrative Code rule 730–7.17(5). Section 17A.15(3) provides that when a hearing officer makes a section 17A.15(2) proposed decision "that decision ... becomes the final decision of the agency without further proceedings unless there is an appeal to, or review on motion of, the agency within the time provided by rule." The applicable rule is 730–7.17(5) of the Iowa Administrative Code, which provides:

When an administrative hearing officer presides at the hearing the order becomes

---

[1] The case was decided by the district court under the 1981 Code. None of the operative statutory provisions have been changed since the district court's decision. For convenience, citations will be to the 1983 Code.

the final order of the department for purposes of judicial review ... unless there is an appeal to, or review on motion of, the director within thirty days of the date of the order ....

In this appeal Leaseamerica contends the exhaustion doctrine does not mandate such intra-agency appeals.

■ We formulated the exhaustion requirement in its skeletal form in *Oliver v. Iowa Power and Light Co.,* 183 N.W.2d 687, 691 (Iowa 1971). After *Oliver,* we refined the doctrine in its two-prong modern form in *Rowen v. LeMars Mutual Insurance Co.,* 230 N.W.2d 905, 909 (Iowa 1975):

> The exhaustion rule [does not prevent judicial review] unless ... *[a]n administrative remedy ... exist[s]* for the claimed wrong, *and* the *statutes ... expressly or impliedly require that remedy to be exhausted* before resort to the courts.

(Emphasis added); *accord e.g., Iowa Industrial Commissioner v. Davis,* 286 N.W.2d 658, 662 (Iowa 1979); *Ellis v. Iowa Department of Job Service,* 285 N.W.2d 153, 155 (Iowa 1979).

Focusing on the first prong of the *Rowen* test, the district court, reasoning that the legislature provided an avenue of appeal to the director, held that an "administrative remedy ... exist[ed]" for the claimed wrong." *See Rowen,* 285 N.W.2d at 909. Assuming that this first prong is satisfied, however, district court erred in applying the second prong.

■ II. Neither section 17A.15 nor section 17A.19(1) "expressly" requires an intra-agency appeal. *Cf. Ellis,* 285 N.W.2d at 155 (Section 17A.19(1) did not " 'expressly' state ... that a rehearing [petition] was required."). Nor do the statutes imply such a requirement. After stating a hearing officer's decision "becomes the final decision of the agency without further proceedings unless there is an appeal to, or review on motion of, the agency," the legislature provided:

> *In cases where there is an appeal from a proposed decision or where a proposed decision is reviewed on motion of the agency,* an opportunity shall be afforded to each party to file exceptions, present briefs ... and ... oral arguments ....

Iowa Code § 17A.15(3). The emphasized language implies that opportunities for such procedures are provided *if and when* an appeal is taken to or conducted by the director. *Cf. Ellis,* 285 N.W.2d at 155–56 ("If a party files ... for rehearing" language held to imply that rehearing application was not required.). Thus, harmonizing this portion of section 17A.15(3) with other parts of the same statute, *see Committee on Professional Ethics and Conduct v. Shaffer,* 230 N.W.2d 1, 2 (Iowa 1975), and giving effect to all its parts, *Boomhower v. Cerro Gordo County Board of Adjustment,* 163 N.W.2d 75, 76 (Iowa 1968), we hold that the legislature provided for permissive, not mandatory, intra-agency appeals.

Our conclusion that an intra-agency appeal is not required is bolstered by the stated legislative purpose of the Iowa Administrative Code: "to simplify the process of judicial review of agency action as well as increase its ease and availability." Iowa Code § 17A.1(2). If every hearing officer's decision in a consumer use tax dispute were required to be appealed to the director, the "ease and availability" of judicial review would be impeded.

■ Finally, requiring intra-agency appeals would violate the logical extensions of our holdings in *Pruss v. Iowa Department of Revenue,* 330 N.W.2d 300 (Iowa 1983), and *Grimm v. Iowa Department of Revenue,* 331 N.W.2d 137 (Iowa 1983). In *Grimm* we held district court had no jurisdiction to review a hearing officer's proposed decision because the taxpayer did not wait thirty days from the date of the decision before filing a review petition. *Id.* at 140. As a part of our analysis, we wrote: "If within thirty days Grimm did not appeal, or the director did not take review on his or her own motion, the proposed order became final for the purposes of judicial review." *Id.* at 140. We adopt this statement as controlling here. Leaseamerica ex-

hausted its administrative remedies and the controversy was postured for review in district court.

The district court's order dismissing the petition is reversed. The case is remanded to the district court for review on the merits.

III. Leaseamerica also asserts district court had no jurisdiction to make an order for remand to the agency, following its ruling it had no jurisdiction to review. Our above holding moots this issue. Accordingly, we give it no further consideration.

REVERSED AND REMANDED.