CONTINENTAL TELEPHONE COMPANY, Employer, and Travelers Insurance Companies, Insurance Carrier, Appellees,

v.

Paul D. COLTON, Appellant,

and Industrial Commissioner, Respondent.

No. 83–730.

Supreme Court of Iowa.

May 16, 1984.

Marvin V. Colton, Albia, for appellant.

John N. Moreland and Timothy J. McKay, Ottumwa, for appellees.

Considered by REYNOLDSON, C.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

CARTER, Justice.

Respondent employee appeals from a district court order in a workers compensation proceeding remanding the proceeding to the industrial commissioner for a redetermination of his disability. Only two issues need to be considered on the appeal. These are (1) whether the appeal should be dismissed on the ground that it is not taken from a final judgment, and (2) whether the district court erred in not sustaining the employee's motion to dismiss the petition for judicial review on the ground that the employer and insurance carrier had failed to exhaust their administrative remedies. We consider these matters separately.

I. *Finality of Order from Which Appeal was Taken.*

The appellees have moved to dismiss the appeal on the ground that the order of the district court from which the appeal was taken is not a final judgment as contemplated by Iowa Rule of Appellate Procedure 1(a). This contention is based on the decision in *Rubendall v. Brogan Construction Co.*, 253 Iowa 652, 657, 113 N.W.2d 265, 268 (1962).

In the *Rubendall* case, we determined, on facts clearly distinguishable from the present case, that an order of the district court reviewing a decision of the industrial commissioner and remanding the case back to the commissioner for additional findings was interlocutory. We need not decide whether we continue to adhere to the views expressed in *Rubendall* because there has been an intervening comprehensive revision of applicable statutory law by reason of the enactment of the Iowa Administrative Procedure Act, effective in 1975.

It is now provided in Iowa Code section 17A.19(8) (1983) that on judicial review of agency action, the court "may affirm the agency action or remand to the agency for further proceedings. The court shall reverse, modify, or grant any other appropriate relief from the agency action...." Section 17A.20 provides:

> An aggrieved or adversely affected party to the judicial review proceeding may obtain a review of any final judgment of the district court under this chapter by appeal to the supreme court. The appeal shall be taken as in other civil cases, although the appeal may be taken regardless of the amount involved.

 We interpret the quoted language from section 17A.19(8) as providing what disposition may be made in a final judgment of the district court. The statute contemplates that a final judgment may provide for remand to the agency for further proceedings. A judgment so providing is nonetheless a final judgment for purposes of appeal under section 17A.20 and Iowa Rule of Appellate Procedure 1(a). A contrary holding could in some instances deprive a party aggrieved by an erroneous order of remand of an effective right of appellate review.

 There may, of course, be instances where the district court is authorized to make an interlocutory order remanding the case to the agency for further proceedings. *See* section 17A.19(7). If this is done, however, we believe that it is incumbent upon the court to note that the remand is of a limited nature and that the court is retaining jurisdiction. Clearly, this was not the situation in the present case. We conclude that the present appeal is from a final judgment. Appellees' motion to dismiss the appeal is overruled.

II. *Exhaustion of Administrative Remedies.*

The petition of the employer and insurance carrier for judicial review of agency action in the present case was taken from a decision of a deputy industrial commissioner. No attempt was made to first seek review of the deputy's decision by the industrial commissioner.

The employee urged in the district court that it was without jurisdiction under Iowa Code section 17A.19(1) to review a decision of a deputy industrial commissioner. It based this claim on the following grounds: (a) Iowa Code section 86.26 (1983) provides that judicial review shall be from "decisions or orders of the industrial commissioner"; (b) section 86.3 limits the extent to which a deputy industrial commissioner may issue a decision which is final for purposes of judicial review; and (c) there has not been an exhaustion of administrative remedies sufficient to satisfy the requirements of section 17A.19(1). The district court rejected these contentions relying in part on our decision in *LeaseAmerica Corp. v. Iowa Department of Revenue*, 333 N.W.2d 847 (Iowa 1983).

Section 86.26 provides that "[j]udicial review of decisions or orders of the industrial commissioner may be sought in accordance with the terms of chapter 17A." Section 86.3 states:

> Notwithstanding the provisions of chapter 17A, in the absence or disability

of the industrial commissioner, or when written delegation of authority to perform specified functions is made by the commissioner, the deputies shall have any necessary specified powers to perform any necessary or specified duties of the industrial commissioner pertaining to his or her office. Notwithstanding the definitions and terms of chapter 17A, pertaining to the issuance of final decisions, when the above circumstances exist a deputy commissioner shall have the power to issue a final decision as if issued by the agency.

■ Our review of the statutes relied on by the employee convinces us that, except in those circumstances delineated in section 86.3, a petition for judicial review will not lie from a decision of a deputy industrial commissioner, even where that decision has become final by reason of passage of time. This conclusion could well be based solely on the language of sections 86.26 and 86.3. Because, however, there appears to be some misreading of our *LeaseAmerica* decision, we believe we should reconcile the result in that case with the decision which we reach in the present case.

*LeaseAmerica* involved judicial review of a decision of the Department of Revenue in a dispute over assessment of use taxes. The petition for judicial review was taken from the decision of a hearing officer which had become the final decision of the agency under section 17A.15(3) when not appealed within the agency. At that time, an agency rule (730 I.A.C. 7.17(5)) expressly provided that under such circumstances, the hearing officer's decision became the final decision of the agency for purposes of judicial review. In addition, the taxpayer in *LeaseAmerica* had been expressly advised by the agency that this was the case.

In spite of the administrative rule making the hearing officer's decision the subject of judicial review, the district court in *LeaseAmerica* dismissed the petition on the ground that no appeal had been taken to the director of revenue. The district court concluded in that case that finality and exhaustion are separate requirements for judicial review under section 17A.19(1). It concluded that there had been no exhaustion of administrative remedies because of the failure to take an intra-agency appeal to the director.

Both the taxpayer and the agency appealed the district court's order of dismissal in *LeaseAmerica,* each contending that the directive of the agency rule should be honored in order to rescue the taxpayers from the trap which would otherwise be created for unwary litigants. The agency also sought to uphold its "final and reviewable" regulation on policy grounds peculiar to Department of Revenue operations. We reversed the district court's order of dismissal in *LeaseAmerica* and recognized the hearing officer's decision as final for purposes of judicial review. We determined that administrative remedies had been sufficiently exhausted by the taxpayer to satisfy the dictates of section 17A.19(1).

The district court in the present case interpreted our decision in *LeaseAmerica* as holding that unless an intra-agency appeal is required by statute, a party may seek judicial review of the decision of the presiding officer at a contested case hearing if that decision has become final under section 17A.15(2), and, in so doing, will be deemed to have satisfied the exhaustion requirements of section 17A.19(1). We do not agree that our holding in *LeaseAmerica* had that effect.

■ We believe that ordinarily administrative agencies should be permitted to correct their own errors before resort is had to the courts. Moreover, review at a higher level within the agency may in some instances finally settle the dispute without the necessity of involving the courts. *See generally* Comment 69 Iowa L.Rev. 755, 761 (1984). We therefore conclude it is the intent of section 17A.19(1) that exhaustion of all adequate administrative remedies is required before seeking judicial review of agency action.

The issue in *LeaseAmerica* was how to determine whether adequate administrative remedies have in fact been exhausted. Our discussion in that case concerning lack of

statutory requirements for an intra-agency appeal was directed toward the extent to which the agency itself can determine by rule whether exhaustion has occurred at a lower level of agency review. At the agency's own suggestion, with which the opposing litigant agreed, we deferred to the agency rule which provided that exhaustion may occur at the hearing officer level. While we do not believe that agency rules may ordinarily serve to frustrate a clear legislative policy for judicial review of agency action, it had been demonstrated prior to *LeaseAmerica* that the scheme of review contemplated by section 17A.19(1) is not entirely compatible with the inner workings of the Department of Revenue.

Unlike some other agencies where a clearly defined process of intra-agency review is available, ending with the highest level for policy determination within the agency, the Department of Revenue permits intra-agency appeals to nonpolicy-making bodies which bypass that level. In addition, it permits further intra-agency review of the decisions of its own director by a nonpolicy-making board. We recognized this problem in *Pruss v. Iowa Department of Revenue*, 330 N.W.2d 300, 302–04 (Iowa 1983) and as a result, engaged in some interpolation of the several statutes which are involved. It was within this context that we deferred in *LeaseAmerica* to the agency's own rule settling the exhaustion requirement.

In the present case, we believe that sections 86.3 and 86.26, considered in *pari materia*, clearly contemplate an intra-agency review by the industrial commissioner as a required step in the exhaustion of administrative remedies prior to seeking judicial review. This is consistent with the general policy outlined in section 17A.19(1). *LeaseAmerica* does not require a contrary result. The decision of the district court in the present action is reversed, and the case is remanded with directions to dismiss the petition for judicial review for lack of jurisdiction.

REVERSED AND REMANDED.

All Justices concur except McCORMICK, J., who concurs specially.

McCORMICK, Justice (concurring specially).

I believe *Leaseamerica Corp. v. Iowa Department of Revenue*, 333 N.W.2d 847 (Iowa 1983), was wrongly decided and should be overruled rather than merely distinguished. Judicial review is available only to a person or party who has in fact exhausted all adequate administrative remedies. *See* Iowa Code § 17A.19(1). The fact that intra-agency appeals are permissive under section 17A.15(3) does not excuse failure to take an intra-agency appeal to meet this independent exhaustion requirement of section 17A.19(1). Moreover, an agency cannot by rule modify the statutory exhaustion requirement. I recognize that we gave effect in *Leaseamerica* to a rule that purported to declare the exhaustion requirement satisfied at the hearing officer level, but I do not believe we should have done so.

In sum, an administrative remedy is available when an intra-agency appeal may be taken. Section 17A.19(1) requires all adequate administrative remedies to be exhausted. I would hold that an intra-agency appeal from a hearing officer to the director is thus at least impliedly required in revenue department cases as a condition precedent to petitioning for judicial review.