**NORTH RIVER INSURANCE COMPANY, Appellant,**

v.

**IOWA DIVISION OF INSURANCE, Appellee.**

**No. 92–1239.**

Supreme Court of Iowa.

June 16, 1993.

As Amended Aug. 12, 1993.

S.P. DeVolder of Gamble & Davis, a Professional Corp., Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., and Debra West, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

The appellant challenges a district court ruling that dismissed its petition for judicial review of agency action. The district court dismissed the petition because the appellant sought judicial review of an administrative law judge's ruling without first appealing that ruling to the agency director. The appellant argues that no statute or agency rule expressly or impliedly required it to appeal the administrative law judge's decision to the agency director as a precondition to filing its petition for judicial review. The appellant also argues that, in any case, an appeal to the agency director would have been futile and should not be required. Finally, the appellant contends that if intra-agency appeal to the agency director is a precondition to judicial review, our decision should apply prospectively only. We affirm.

## I. *Background facts and proceedings.*

The appellant, North River Insurance Company, is a property and casualty insurance company domiciled in New Jersey and certified by the appellee, Iowa Department of Commerce Insurance Division, to conduct business in Iowa since 1972. To qualify for renewed certification each year, North River must file a premium tax return reflecting the Iowa retaliatory tax imposed pursuant to Iowa Code section 505.14 (1991). The Iowa retaliatory tax imposes on foreign insurance companies doing business in Iowa the amount of tax an Iowa insurance company would be assessed for doing business in that foreign state, when this computation yields a larger tax than the tax imposed by Iowa if the insurance company were domiciled in Iowa.

On February 20, 1989, the insurance division informed North River that it had failed to include in its premium tax return additional taxes reflecting four assessments imposed by New Jersey on Iowa-domiciled insurance companies. North River responded by letter that it did not owe the taxes. The insurance division did not reply, so North River assumed its response was satisfactory and continued to file its premium tax returns as it had done in the past.

On January 29, 1991, the insurance division again notified North River that additional taxes were due, based upon the same four assessments, for 1985 through 1989. North River reiterated its position that no additional retaliatory taxes were due. In the insurance division's response, a company examiner specialist stated that some of the insurance division's highest-ranking officials had discussed the matter and determined the taxes were due from North River. The letter advised North River that it may lose its Iowa certification if payment was not made.

On May 31, 1991, North River tendered, under protest, a check for $185,266.60, the full amount of the four assessments. On July 1 North River made a formal request for a refund of the payment and further requested a hearing on the matter. Following the hearing, an administrative law judge issued an order on February 28, 1992, which ruled against North River on all four assessments.

On April 13, 1992, North River filed a petition for judicial review of agency action in district court. North River did not appeal the administrative law judge's decision to the insurance commissioner. North River based district court jurisdiction on insurance division rule 191 Iowa Administrative Code 3.15(1), which states:

A proposed decision rendered by a hearing officer shall become the final decision of the agency unless there is an appeal to, or review on motion of, the insurance commissioner within 20 days from the date of the proposed decision.

The insurance division moved to dismiss the petition on the ground that North River had not exhausted all adequate administra-

tive remedies by first appealing the administrative law judge's decision to the insurance commissioner. The district court dismissed the petition. North River appeals. We note that the attorney who represents North River in this appeal is not the attorney who represented North River in the district court and agency proceedings.

II. *Exhaustion of administrative remedies.*

■■■ Iowa Code section 17A.19(1) begins, "[a] person or party who has exhausted all adequate administrative remedies and who is aggrieved or adversely affected by any final agency action is entitled to judicial review thereof under this chapter." The doctrine of exhaustion of administrative remedies provides that before a person may obtain judicial review of administrative action, that action must first have been officially sanctioned and thereafter reviewed within the agency to the fullest extent provided by law. *Black v. University of Iowa*, 362 N.W.2d 459, 464 (Iowa 1985). Before the exhaustion requirement can be imposed, two conditions must be met; an administrative remedy must exist for the claimed wrong, and the statutes must expressly or impliedly require that remedy to be exhausted before resort to the courts. *Lundy v. Iowa Dep't of Human Servs.*, 376 N.W.2d 893, 895 (Iowa 1985); *Rowen v. LeMars Mut. Ins. Co.*, 230 N.W.2d 905, 909 (Iowa 1975). North River argues that insurance division rule 191 Iowa Administrative Code 3.15(1) does not require exhaustion, and therefore it may bypass final appeal to the insurance commissioner and seek judicial review of the administrative law judge's decision.

North River relies on this court's decision in *Leaseamerica Corp. v. Iowa Department of Revenue*, 333 N.W.2d 847 (Iowa 1983), in which we allowed judicial review to lie from the decision of a department of revenue hearing officer without requiring final agency appeal to the department of revenue director. In *Leaseamerica*, we stated that Iowa Code sections 17A.15 and 17A.19(1) do not "expressly or impliedly" require intra-agency appeal to exhaust administrative remedies. *Id.* at 849. Insurance division rule 191 Iowa Administrative Code 3.15(1) mirrors the language of Iowa Code section 17A.15(3). Therefore, North River argues, the insur-

ance division rule also does not expressly or impliedly require appeal from a hearing officer's decision to the insurance commissioner in order to exhaust administrative remedies. North River's argument ignores this court's opinion in *Continental Telephone Co. v. Colton*, 348 N.W.2d 623 (Iowa 1984), in which we explained and limited the *Leaseamerica* decision.

In *Continental,* we stated that *Leaseamerica* simply considered the extent to which an agency itself could, by rule, determine whether exhaustion had occurred at a lower level of agency review. *Continental,* 348 N.W.2d at 627. We examined the factual and statutory background of *Leaseamerica* and noted: (1) the express language of the department of revenue rule provided a hearing officer decision would become final "for purposes of judicial review" upon the passage of time without further intra-agency appeal; (2) the agency had advised protesting taxpayers of this scheme; (3) the department of revenue itself was seeking to affirm this scheme on our review; and (4) the scheme for intra-agency review in the department of revenue, which allowed for bypass of its director and review of the director's decision by a nonpolicymaking board, was peculiar to the department of revenue and incompatible with the scheme contemplated in section 17A.19(1). Therefore, this court deferred to the agency's own rule which deviated from our general system of administrative appeal and judicial review.

In *Continental,* an employer and insurance carrier sought judicial review of the decision of a deputy industrial commissioner in a workers' compensation proceeding. No attempt was made to seek review of the deputy's decision by the industrial commissioner. Our decision in *Continental* made clear that *Leaseamerica* was not intended to permit judicial review of lower-level agency decisions merely because the decision had become final by reason of the passage of time. We stated:

> We believe that ordinarily administrative agencies should be permitted to correct their own errors before resort is had to the courts. Moreover, review at a

higher level within the agency may in some instances finally settle the dispute without the necessity of involving the courts. *See generally* Comment 69 Iowa L.Rev. 755, 761 (1984). We therefore conclude it is the intent of section 17A.19(1) that exhaustion of all adequate administrative remedies is required before seeking judicial review of agency action.

*Continental,* 348 N.W.2d at 626.

We found in *Continental* none of the unique factors which persuaded the court in *Leaseamerica* to allow an exhaustion bypass. The same is true in the present case. The insurance division does not employ a unique scheme for intra-agency decision making and appeal, but rather follows the norm contemplated in section 17A.19. The insurance division itself considers an appeal to the insurance commissioner to be the final step of agency review. Unlike the department of revenue, the agency did not intend to permit judicial review of the proposed decisions of administrative law judges.

■ An insurance company is not entitled to judicial review of a proposed decision which has not been appealed to the insurance commissioner merely because the decision becomes final under rule 191 Iowa Administrative Code 3.15(1). The insurance division rule, consistent with sections 17A.15(3) and 17A.19(1), provides that if such appeal is not taken within twenty days, the agency may consider the hearing officer's decision "final" and act upon that decision accordingly; the decision is not final for purposes of judicial review.

### III. *The futility exception.*

■ North River argues that regardless of whether it failed to exhaust its administrative remedies, we should not require North River to appeal to the insurance commissioner because that appeal would be futile.

North River states that the appeal would be futile because the insurance commissioner was predisposed to rule against North River. North River bases this belief on the letters received from the insurance division

which stated that its highest-ranking officials agreed the taxes were due and the insurance division's position that North River's certification would be in jeopardy unless the assessments were paid. North River also points to the insurance division's similar stance against other insurance companies regarding like assessments.

■ In substance, North River's argument is a bare assertion that, on appeal from the administrative law judge, the insurance commissioner is more likely to agree with the conclusions previously made by other insurance division officials. The futility exception is concerned with the adequacy of the remedy, not a perceived predisposition of the decision maker. *Cf. Alberhasky v. City of Iowa City,* 433 N.W.2d 693, 695–96 (Iowa 1988) (court determines constitutional challenge of statute to administrative agency is not a "fruitless" pursuit of administrative remedy); *Salsbury Laboratories v. Iowa Dep't of Environmental Quality,* 276 N.W.2d 830, 836 (Iowa 1979) (same). A claim of bias is insufficient to avoid the exhaustion requirement. *See Christensen v. Iowa Civil Rights Comm'n,* 292 N.W.2d 429, 431 (Iowa 1980).

### IV. *Nonretroactive application.*

■ As a general rule, judicial decisions, including overruling decisions, operate both retroactively and prospectively. *See In re Estate of Weidman,* 476 N.W.2d 357, 361 (Iowa 1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1596, 118 L.Ed.2d 311 (1992); *Farm Bureau Serv. v. Kohls,* 203 N.W.2d 209, 211 (Iowa 1972). North River asserts that if it is required to appeal to the insurance commissioner to exhaust all adequate administrative remedies, this court should apply the holding prospectively only and allow North River's petition for judicial review. The argument is based on *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), in which the United States Supreme Court established a three-part test to determine whether a decision of the court should be applied purely prospectively. We adopted the *Chevron*

*Oil* test in *Beeck v. S.R. Smith Co.*, 359 N.W.2d 482, 484 (Iowa 1984).

The first factor of this test, that the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which the litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed, is not met in the present case. Our decision today is controlled by *Continental* and does not overrule past precedent or establish new law. Accordingly, we affirm the judgment of the district court dismissing North River's petition for judicial review.

**AFFIRMED.**