**IN THE COURT OF APPEALS OF IOWA**

No. 23-1941
Filed January 9, 2025

**MICHELLE TUTTLE,**
        Petitioner-Appellant,

**vs.**

**ARCHER DANIELS MIDLAND CO.,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Patrick D. Smith,

Judge.


        A claimant appeals the dismissal of her judicial review action to overrule an

order of the deputy workers' compensation commissioner imposing a sanction for

service of a subpoena.  **AFFIRMED.**


        William Dennis Currell of Currell Law Firm, Cedar Rapids, for appellant.

        Brandon W. Lobberecht and Peter J. Thill of Betty, Neuman & McMahon,

P.L.C., Davenport, for appellee.


        Heard by Tabor, C.J., and Ahlers and Sandy, JJ.

**TABOR, Chief Judge.**

A deputy workers' compensation commissioner ordered claimant Michelle Tuttle to reimburse her employer, Archer Daniels Midland Company (ADM), $3900 as a sanction for allegedly harassing conduct in the service of a subpoena on its expert Dr. Chad Abernathey. Tuttle contends that the deputy's order was a nullity because the agency lacked jurisdiction to "adjudicate subpoenas." Tuttle's contention has faced procedural hurdles and continues to do so.

This appeal is Tuttle's second trip to our court. The first time around, we reversed the district court's dismissal of her challenge—holding that her petition for writ of certiorari could be considered a petition for judicial review. *Tuttle v. Iowa Workers' Comp. Comm'r*, No. 21-1246, 2023 WL 4105478, at *5 (Iowa Ct. App. Jan. 25, 2023). We remanded and directed Tuttle to recast her petition, which she did. We also advised the district court that since Tuttle was seeking judicial review of intermediate agency action, she had to make two showings under Iowa Code section 17A.19(1) (2020): (1) all adequate administrative remedies had been exhausted and (2) review of the final agency action would not provide an adequate remedy. *Id.* Only if both requirements were met could the court consider the merits of her claim.

After reviewing those requirements, the district court ruled: "The administrative remedies available to Tuttle in this case are adequate, and she is required to exhaust such remedies before seeking review in this court." The court explained that if the deputy was wrong in imposing the sanction, the commissioner could correct that wrong on intra-agency review or the court could correct it on judicial review from final agency action. Unhappy with that decision, Tuttle again

appeals. She argues not only that no remedy exists at the agency level, but that the judicial review decision violated her due process rights.

Because Tuttle did not secure a decision from the commissioner on the deputy's statutory authority to impose the sanction, there's an adequate agency remedy that she has yet to exhaust. And her constitutional claim is unpreserved. We thus affirm the district court's decision.

## I.      Facts and Prior Proceedings

In the first appeal, we set out this factual background:

> Tuttle had multiple workers' compensation claims arising from her employment with [ADM]. During discovery, Tuttle requested, "[c]omplete copies of all photographs, surveillance films and/or videotapes that Employer and insurance carrier have of [Tuttle], in or at the factory or adjacent parking lots." ADM's response to this particular discovery request was "none." ADM did not update its discovery responses.
> ADM requested an independent medical examination (IME) with Dr. Chad Abernathey. The materials ADM submitted to Dr. Abernathey included a statement from ADM's counsel: "Visual images exist at ADM that display [Tuttle] walking as she arrives to work at the beginning of her shift, and leaves work at the end of her shift, on her last date worked, March 19, 2020, with no visual signs of injury or altered gait/limp."
> After Dr. Abernathey issued a final IME report, Tuttle served Dr. Abernathey with a subpoena at his home, requesting documents supporting the report, including the visual images ADM offered to Dr. Abernathey. Dr. Abernathey provided the information requested in the subpoena.

*Id.* at *1.

Tuttle's method of serving the subpoena on its expert drew ADM's ire when Dr. Abernathy withdrew from serving as its expert. So it sought sanctions against Tuttle. Tuttle resisted, arguing that the workers' compensation commissioner did not have "jurisdiction" to impose sanctions. Instead, Tuttle asserted, ADM needed to seek relief in district court. Without holding a hearing, a deputy commissioner

sanctioned Tuttle for her counsel's conduct in serving the subpoena. The deputy wrote:

> In this case, counsel for the claimant purposefully served Dr. Abernathey, a well-known physician, with a subpoena at his home, after business hours. As evidenced by his unannounced, uninvited visit to Dr. Abernathey's office, claimant's attorney clearly knew that Dr. Abernathey had a place of business. A conscious choice was made that appears to have the intent to harass a defendant's expert witness both at his business and also outside of business hours, at his home address. Additionally, by serving a subpoena, rather than the appropriate discovery motion, the claimant appears to have caused an unnecessary delay or expense in this litigation. Whether that was the intent of the claimant is irrelevant.

The deputy determined that Tuttle should reimburse ADM for Dr. Abernathey's fees, which were $3900. The deputy then denied Tuttle's motion to reconsider.

As her next step, Tuttle applied for interlocutory appeal to the workers' compensation commissioner. The commissioner denied that request. Tuttle then petitioned for writ of certiorari in district court, claiming the deputy lacked jurisdiction to issue the sanction. The commissioner moved to dismiss on the grounds that (1) judicial review under Iowa Code chapter 17A was the exclusive means to challenge the agency decision and (2) Tuttle was required to exhaust administrative remedies. Tuttle resisted the motion to dismiss. The court granted the commissioner's motion to dismiss the petition because Tuttle sought the wrong form of relief. Our court found that even though Tuttle used the wrong vehicle—certiorari—the court could treat the case as a "proper chapter 17A appeal if the situation merits." *Id.* at *4 (citation omitted).

Finding that Tuttle's filing could be treated as a petition for judicial review, we reversed and remanded. We instructed Tuttle to file a "recast petition for judicial review" that named the employer, ADM, as the respondent rather than the

commissioner. *Id.* at *5. In her amended petition, Tuttle asserted that the agency "lacked jurisdiction regarding the ability to adjudicate contests to its subpoenas," "lacked legal authority to enter adjudications arising out of contests to its subpoenas," and "denied [Tuttle's] constitutional right to Procedural Due Process."

The district court held a hearing on the new petition in August 2023.[1] After discussing Tuttle's sanction challenge and the remand order in depth with counsel, the district court dismissed the petition for judicial review. The court clarified that it was only addressing the exhaustion questions set out in our earlier decision. *See id.*[2] The district court found, "There is no doubt Tuttle has available to her administrative remedies, which, if exhausted, would permit the same questions presented in her [amended petition for judicial review] to be presented to the court at a later time, once there is a final agency adjudication of her workers' compensation claim." So, following our instructions, the district court declined to consider the merits of Tuttle's claim that the agency lacked subject matter jurisdiction or authority to adjudicate subpoenas.

---

[1] Two months earlier, the deputy held a hearing on Tuttle's underlying workers' compensation claims. As part of that agency hearing, Tuttle urged the sanction claim. While assessing this appeal for mootness, we confirmed that the deputy did not rule on the sanction claim because it was still pending in the district court. *See Tuttle v. Archer Daniels Midland*, Iowa Workers' Comp. Comm'n Nos. 21011951.02, 20003796.03, 22700262.01, 2023 WL 7476353 (Nov. 6, 2023).

[2] At oral argument, Tuttle highlighted ADM's agreement at the remand hearing that she had exhausted her administrative remedies. True, when the court asked if "the adequate administrative remedies have been exhausted," ADM's counsel said: "That is correct." But later, ADM's counsel noted that final agency action "hadn't been rendered yet" and a question remained what the court could do upon final agency action: "Will that not provide an adequate remedy?" And in its appellee's brief, ADM defended the district court's ruling that Tuttle failed to exhaust administrative remedies.

Addressing Tuttle's argument that the administrative remedies were not adequate because the deputy lacked "subject matter jurisdiction" to "adjudicate contested subpoenas," the court sought to clarify the terminology: "this case does not present a question of subject matter jurisdiction," but one of statutory authority. The court then reasoned that even if Tuttle is correct about the lack of authority, that doesn't mean there is no adequate agency remedy—the commissioner could vacate the deputy's order in a final agency action. And because Tuttle alleged only monetary losses, that final agency action would provide an adequate remedy. The court concluded that Tuttle was required to exhaust administrative remedies before seeking judicial review. Tuttle again appeals.

## II.      Standards of Review

"We review a district court's dismissal of a petition for judicial review for correction of errors at law." *Irland v. Iowa Bd. of Med.*, 939 N.W.2d 85, 89 (Iowa 2020). We likewise review the district court's statutory interpretation for legal error. *Bank of the W. v. Kline*, 782 N.W.2d 453, 457 (Iowa 2010). And we review constitutional claims de novo. *Gluba v. State Objection Panel*, 11 N.W.3d 459, 464 (Iowa 2024).

## III.     Discussion

Tuttle raises two issues. First, she reprises her contention that the agency lacks "subject matter jurisdiction" to "adjudicate subpoenas." Second, she contends the deputy's decision violated her due process rights. We will consider each issue in turn.

**A. Does the commissioner lack authority to adjudicate subpoenas?**

Iowa Code section 17A.13(1) governs discovery for agencies.

> Agencies have all subpoena powers conferred upon them by their enabling acts or other statutes. In addition, prior to the commencement of a contested case by the notice referred to in section 17A.12, subsection 1, an agency having power to decide contested cases may subpoena books, papers, records, and any other real evidence necessary for the agency to determine whether it should institute a contested case proceeding. After the commencement of a contested case, each agency having power to decide contested cases may administer oaths and issue subpoenas in those cases. Discovery procedures applicable to civil actions are available to all parties in contested cases before an agency. Evidence obtained in discovery may be used in the hearing before the agency if that evidence would otherwise be admissible in the agency hearing. Agency subpoenas shall be issued to a party on request.

The second part of this subsection is at issue. It provides:

> On contest, *the court* shall sustain the subpoena or similar process or demand to the extent that it is found to be in accordance with the law applicable to the issuance of subpoenas or discovery in civil actions. In proceedings for enforcement, *the court* shall issue an order requiring the appearance of the witness or the production of the evidence or data within a reasonable time under penalty of punishment for contempt in cases of willful failure to comply.

Iowa Code § 17A.13(1) (emphasis added). Tuttle's position is that the statute gives the ability to entertain "contest[s]" and "proceedings for enforcement" to the court, thus depriving the agency of that power. Tuttle describes that power as "subject matter jurisdiction." "Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention." *De Stefano v. Apts. Downtown, Inc.*, 879 N.W.2d 155, 164 (Iowa 2016) (cleaned up). And although many appellate cases use jurisdiction informally to describe agency powers, it is different from the subject matter jurisdiction of courts.

We agree with the district court that what is in dispute is the agency's statutory authority.[3]

Thus, the question Tuttle pursues is whether the deputy commissioner had the statutory authority to "adjudicate subpoenas," a term Tuttle uses as shorthand for issuing orders involving the subpoenas such as protective orders and sanctions.[4] Tuttle cites *Dunlap v. Action Warehouse*, 824 N.W.2d 545, 558–59 (Iowa Ct. App. 2012), where we found the "express grant of powers to the workers' compensation commissioner" did not include "the power to deem a party in contempt for failure to comply with a subpoena."[5]

The commissioner declined interlocutory review of Tuttle's question. So Tuttle leapfrogged the commissioner, asked the district court, and now asks us to address it. In doing so, she expects us to ignore the purpose of our remand—to determine whether her claim was "immediately reviewable." Our prior panel charged the district court with deciding whether Tuttle satisfied the two requirements under section 17A.19(1) for intermediate agency action.[6] *Tuttle*, 2023 WL 4105478, at *5.

---

[3] Asserting a lack of subject matter jurisdiction is key to Tuttle's argument that our court can address her sanction claim directly without remand because defects in subject matter jurisdiction can be raised at any time. *Roland v. Annett Holdings, Inc.*, 940 N.W.2d 752, 757 (Iowa 2020).

[4] Although the deputy also issued a protective order as part of his decision on ADM's motion to quash, at oral argument, Tuttle's counsel agreed that the subject of this appeal is the sanction only.

[5] This is not a contempt action but arose from ADM's motion to quash and for sanctions. ADM does not address *Dunlap* in its brief.

[6] *See Wal-Mart Stores, Inc. v. Iowa C.R. Comm'n*, No. 15-1697, 2016 WL 7403726, at *1 (Iowa Ct. App. Dec. 21, 2016) ("A party seeking judicial review of non-final agency action, as here, must show that (1) adequate administrative remedies have been exhausted and (2) review of the final agency action would not provide an adequate remedy. Because 'both requirements must be satisfied

In doing so, we relied on *Christensen v. Iowa Civil Rights Commission*, 292 N.W.2d 429, 431 (Iowa 1980), and *Cheng v. Stanley*, No. 08-0737, 2009 WL 3337636, at *1 (Iowa Ct. App. Oct. 7, 2009). In *Christensen*, the supreme court found that section 17A.13 does not "give nonagency parties a right of immediate recourse to the court" to settle discovery disputes. 292 N.W.2d at 431. The court recognized the profound "disrupt[ion]" and "difficult additional burden" it would cause both agencies and courts "[i]f parties were able to interrupt agency proceedings by bringing original district court actions . . . [for] every discovery problem which conceivably might arise." *Id.* In *Cheng*, the petitioner, Cheng, sought to enforce a subpoena duces tecum in a matter pending before the department of human services and alleged noncompliance. 2009 WL 3337636, at *1. When Cheng filed a rule to show cause, the district court found that she failed to exhaust her administrative remedies. *Id.* Our court agreed, reasoning Cheng did not obtain a "final agency decision," and "should have sought enforcement through the" agency before filing for judicial review. *Id.* at *2.

Returning to that rationale here, we reiterate that there is no final agency decision on the statutory authority to sanction Tuttle. The deputy believed it was within his authority, but the commissioner refused to take up the matter before Tuttle's underlying workers' compensation claims were decided. Rather than wait, Tuttle sought court review. Although there was a circuitous route to the judicial review decision, the district court's November 2023 ruling found that immediate

---

before intermediate judicial review is permitted, the failure to meet one requirement disposes of the issue.'" (quoting *Richards v. Iowa State Com. Comm'n*, 270 N.W.2d 616, 620 (Iowa 1978))).

review of the intermediate agency action was not proper under section 17A.19(1). We find no error in the district court's ruling.

Tuttle's appellate briefing focuses on the merits of her claim. She contends the agency lacked statutory authority under section 17A.13(1) to issue the sanction. And that the deputy's ruling violated her right to due process. Tuttle maintains that the district court has jurisdiction to decide subpoena contests in the first instance, and that we can decide that the deputy exceeded his statutory authority when he ordered the sanction. But *Christensen* and *Cheng* caution against that piecemeal approach.

The proper route is the one identified on judicial review. As the district court correctly ruled, Tuttle has an adequate remedy that she has not exhausted. She can ask the commissioner whether the deputy erred in imposing the sanction. If the commissioner agrees with Tuttle and finds that the deputy lacked authority to impose a sanction or violated Tuttle's due process rights in doing so, or that the sanction was unwarranted under the circumstances, then Tuttle receives an adequate remedy. If the commissioner agrees with the deputy, Tuttle has a final agency decision she can challenge on judicial review under section 17A.19. In sum, we agree with the district court's dismissal of the petition.

## B. Did the agency deny Tuttle's right to due process?

Tuttle next contends the deputy's imposition of the sanctions violated her due process rights under article I, section 9 of the Iowa Constitution. Tuttle asserts she preserved error by raising this constitutional claim in several petitions and briefs and at the district court hearing. ADM argues error is not preserved because Tuttle did not obtain a ruling.

It is fundamental to our review that an issue be both raised and decided before we rule on it. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Tuttle did not secure a ruling from either the agency or the district court on whether the deputy's decision violated her due process rights, so she has relinquished that ground for appellate review.

**AFFIRMED.**