# IN THE COURT OF APPEALS OF IOWA

No. 24-0998
Filed September 4, 2025

**KEVIN J. FRANK and CASEY M. FRANK, Individually, and as Next Friends for O.F. and O.F., Minors,**
    Plaintiffs-Appellants,

**vs.**

**JEFFREY HALLMAN, M.D., and GATEWAY MEDICAL IMAGING, P.C.,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Clinton County, Patrick A. McElyea, Judge.

The plaintiffs in a medical malpractice action appeal the order dismissing their claims with prejudice.  **AFFIRMED.**

Brian Patrick Galligan of Galligan Law, P.C., Clive, for appellants.

Frederick T. Harris, Olivia R. McDowell, and Ryan Tunink of Lamson Dugan & Murray LLP, West Des Moines, for appellees.

Considered without oral argument by Tabor, C.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

The plaintiffs in a medical malpractice action appeal the order dismissing their claims with prejudice for failing to substantially comply with the requirements for a certificate of merit under Iowa Code section 147.140 (2020).[1]  They contend that the defendants waived their challenge by waiting over three and one-half years to challenge the certificate of merit.  They also contend that the requirements of section 147.140 are unconstitutionally vague and violate due process as applied.  Because the district court's ruling complies with recent supreme court precedent, we affirm.

The family of Kevin Frank filed this action in 2020, alleging that the defendants committed medical malpractice by failing to diagnose Frank with renal cell carcinoma in February 2016, when the condition was curable.[2]  The parties agreed to a trial scheduling and discovery plan, with trial beginning in January 2023 and all dispositive motions due at least sixty days before trial.  When the parties needed more time to complete discovery, the court continued the trial until June 2024.

In April 2024, on the deadline for filing dispositive motions, the defendants moved to dismiss the action under section 147.140(6) because their certificate of

---

[1] Iowa Code section 147.140(1)(a) requires that a plaintiff alleging medical malpractice "serve upon the defendant a certificate of merit affidavit signed by an expert witness with respect to the issue of standard of care and an alleged breach of the standard of care" within sixty days of the defendant's answer.  If a plaintiff doesn't substantially comply with this requirement, the defendant can move to dismiss with prejudice each cause of action that requires expert witness testimony to establish a prima facie case.  Iowa Code § 147.140(6).

[2] Frank was not diagnosed until July 2019, at which point the disease had advanced and metastasized.

merit was not sworn. While the motion was pending, the supreme court filed *Miller v. Catholic Health Initiatives-Iowa, Corp.*, 7 N.W.3d 367, 370 (Iowa 2024), holding that a signed but unsworn certificate of merit does not substantially comply with the requirements of section 147.140. Relying on *Miller*, the district court granted the defendants' motion because the certificate of merit was unsworn and the time for curative filings had passed.

On appeal, the plaintiffs contend that the defendants "waived or should be estopped from asserting any defect in the plaintiffs' certificate of merit." They also contend, "Section 147.140's substantial compliance mandate is unconstitutionally vague and violates due process as applied to the oath requirement." Although they lay these arguments out admirably in their brief, a recent supreme court decision disposes of their claims.

In *Banwart v. Neurosurgery of Northern Iowa, P.C.*, 18 N.W.3d 267, 276–78 (Iowa 2025), the supreme court settled the question of when defendants must challenge a certificate of merit.

> The legislature included no deadline within section 147.140(6) to challenge a deficient certificate of merit affidavit. We have already recognized that defendants, by conducting discovery, do not constructively waive their right to challenge deficient certificates of merit under section 147.140(6). Using the dispositive motion deadline as a bright line for determining waiver avoids a fact-intensive inquiry into how much discovery is too much. Going forward,[3] parties should rely upon this bright line . . . .

---

[3] The plaintiffs argue that *Miller* only applies prospectively. The supreme court decided *Banwart* after the parties submitted their briefs, but we assume the same argument applies to its holding, especially considering the "going forward" language. 18 N.W.2d at 278. But we do not believe either claim has merit. "As a general rule, judicial decisions, including overruling decisions, operate both retroactively and prospectively." *N. River Ins. Co. v. Iowa Div. of Ins.*, 501 N.W.2d 542, 546 (Iowa 1993). A decision is not retroactive if it "establish[es] a new principle of law, either by overruling clear past precedent on which the litigants may

*Banwart*, 18 N.W.3d at 277–78 (cleaned up). Because the defendants moved for summary judgment before the deadline for substantive motions expired, they did not waive their right to challenge the plaintiffs' certificate of merit.

The supreme court also rejected the claim that the "oath" and "substantial compliance" provisions of section 147.140 are unconstitutionally void for vagueness. *Id.* at 275–76. We are bound by the supreme court's ruling. *Figley v. W.S. Indus.*, 801 N.W.2d 602, 608 (Iowa Ct. App. 2011). Because the plaintiffs' due process claim assumes statutory vagueness, it also fails. *Banwart*, 18 N.W.3d at 276 (noting that the plaintiffs "cannot even show section 147.140 is ambiguous," let alone unconstitutionally vague).

Finding no legal error, *Miller*, 7 N.W.3d at 372, we affirm the grant of summary judgment in favor of the defendants.

**AFFIRMED.**

---

have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Id.* The *Miller* and *Banwart* rulings did not espouse new legal principles, nor did they overrule established precedent. Rather, the supreme court's construction of section 147.140 is "an authoritative statement of what the statute meant *before as well as after* the decision of the case giving rise to that construction." *State ex rel. Miller v. Pace*, 677 N.W.2d 761, 772 (Iowa 2004) (emphasis added) (quoting *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 311–12 (1994). In other words, the supreme court "explain[ed] its understanding of what the statute has meant continuously since the date when it became law." *Rivers*, 511 U.S. at 313 n.12. Thus, *Miller* and *Banwart* apply retroactively.