**IOWA INDUSTRIAL COMMISSIONER, Plaintiff,**

v.

**Honorable George F. DAVIS, a Judge of the District Court of the State of Iowa, in and for Woodbury County, Defendant.**

No. 63141.

Supreme Court of Iowa.

Dec. 19, 1979.

Thomas J. Miller, Atty. Gen., and Thomas A. Evans, Jr., Asst. Atty. Gen., for plaintiff.

E. S. Bikakis, of Rhinehart, Bikakis & Vohs, Sioux City, for Iowa Beef Processors, Inc., defendant.

Considered by REYNOLDSON, C. J., and REES, HARRIS, McCORMICK and McGIVERIN, JJ.

REYNOLDSON, Chief Justice.

In this original certiorari proceeding, the Iowa Industrial Commissioner contests defendant district court's order granting the petition of Iowa Beef Processors, Inc., for writ of certiorari to review intermediate agency action. The Commissioner contends the Iowa Administrative Procedure Act, chapter 17A, The Code, as interpreted in *Salsbury Laboratories v. Iowa DEQ*, 276 N.W.2d 830 (Iowa 1979), provides the exclusive means of challenging agency action and precludes a collateral certiorari attack in district court. We agree.

This controversy commenced with the filing of separate arbitration proceedings before the Commissioner by three Iowa Beef employees in October and November, 1978. In each case, Iowa Beef filed a special appearance before the Commissioner challenging the latter's in personam jurisdiction over the employer as well as subject matter jurisdiction.[1] In two of the cases, a deputy industrial commissioner overruled Iowa Beef's special appearances without specifying reasons; in the third case, another deputy relied upon section 85.71, The Code 1977, in similarly overruling Iowa Beef's special appearance, because the claimant had alleged an Iowa domicile.

---

1. Iowa Beef alleged that claimants' applications for employment, interviews, and the entering of employment contracts occurred in Dakota County, Nebraska, as did any alleged injuries which might have been sustained.

Appeals from the first two rulings were dismissed by the Commissioner as interlocutory in nature. Apparently no appeal to the Commissioner was taken from the third ruling.

A certiorari petition was filed in district court by Iowa Beef alleging the agency had acted illegally in overruling its special appearances. The petition further alleged section 85.71 as interpreted by the agency violated the United States Constitution. An order setting the matter for hearing and staying further agency proceedings was entered by Judge David Blair the same day.

The Commissioner filed a special appearance in district court on the hearing date, alleging that the Iowa Administrative Procedure Act, chapter 17A, The Code, provides the "exclusive means" of judicial review of agency action and therefore district court lacked jurisdiction to issue a writ of certiorari. The employees intervened, and the issue was briefed by all parties.

February 6, 1979, the Honorable George F. Davis, defendant herein, granted Iowa Beef's petition, stating, "This Court believes that the chapter on administrative procedures and pertinent sections do not abolish the Constitutional right of the Supreme Court to prescribe all rules of pleadings, practice and procedure, and the forms of process 'writs,' etc."

The Commissioner petitioned this court for writ of certiorari and separately petitioned for right to pursue an interlocutory appeal. On March 14 these petitions were granted but the two matters were consolidated and "deemed brought via certiorari." The following week we filed our decision in *Salsbury Laboratories*.

### I. *Exclusivity of section 17A.19.*

The fighting issue is whether our *Salsbury Laboratories* decision controls here. We there stated:

There is no basis on which to conclude the "exclusive means" language in section 17A.19 is mitigated by an exception for common-law writs *such as certiorari,* declaratory judgment, or injunction. A person or party aggrieved or adversely

affected by agency action *must* utilize the provisions of section 17A.19 in seeking judicial review of that action.

*Id.* at 835 (emphasis added).

Although Iowa Beef, in defending district court's actions, questions the applicability of chapter 17A, the provisions of the IAPA clearly apply to this appeal. *See* § 86.26, The Code ("Judicial review of decisions or orders of the industrial commissioner may be sought in accordance with the terms of chapter 17A.").

Iowa Beef also attempts to distinguish *Salsbury Laboratories* as involving an executive order rather than a judicial ruling. It relies upon our statement in *Buechele v. Ray,* 219 N.W.2d 679, 681 (Iowa 1974), that "certiorari will lie if the act in question is quasi-judicial in nature." However, *Buechele* was a pre-IAPA decision. The IAPA specifically provides that "this chapter shall take precedence" over other existing statutes. § 17A.23, The Code. Chapter 17A provisions ordinarily prevail over the Iowa Rules of Civil Procedure governing common-law writs such as certiorari. *Salsbury Laboratories,* 276 N.W.2d at 835.

Iowa Beef also finds support in *Warren County v. Judges of Fifth Judicial District,* 243 N.W.2d 894, 900 (Iowa 1976), where we stated, "Acts of judicial officers may be reviewed in a number of ways, including . . . certiorari . . . ." Although the "distinction between judicial officers and administrative officers for purposes of reviewing their actions" was reiterated in *Salsbury Laboratories,* 276 N.W.2d at 833, Iowa Beef's reliance is misplaced. *Warren County* involved magistrates who were not administrative officers within the coverage of the IAPA. § 17A.2(1), The Code. Decisions of the Commissioner and his deputies, on the other hand, are agency actions subject to review exclusively under chapter 17A even though those administrative officers may be performing a quasi-judicial function. *Salsbury Laboratories,* 276 N.W.2d at 835; § 86.26, The Code.

In a final effort to escape the *Salsbury Laboratories* ruling, Iowa Beef asserts a

writ of certiorari is an extraordinary remedy rooted in the Iowa Constitution and thus is not a statutory remedy which may be withheld by the legislature. The constitution provides in relevant part:

> The Supreme Court . . . shall have power to issue all writs and process necessary to secure justice to parties, and shall exercise a supervisory and administrative control over all inferior Judicial tribunals throughout the State.

Iowa Const. art. V, § 4, (1857) *as amended by* Iowa Const. amend. 21, § 1 (1962). Iowa Beef contends that the legislature, in adopting the "exclusive means" language of section 17A.19, unconstitutionally restricted this court's power to issue writs, including certiorari.

 It is, of course, a well-established principle that every statute is presumed to be constitutionally valid. *Millsap v. Cedar Rapids Civil Service Commission,* 249 N.W.2d 679, 684 (Iowa 1977). *See also Committee on Professional Ethics and Conduct v. Behnke,* 276 N.W.2d 838, 843 (Iowa), *appeal dismissed,* —— U.S. ——, 100 S.Ct. 27, 62 L.Ed.2d 19 (1979). Courts will not interfere when constitutionality is only doubtful or debatable. *Board of Supervisors v. Department of Revenue,* 263 N.W.2d 227, 235 (Iowa 1978). It is our duty to give construction to an act, if possible, which upholds the law and avoids a declaration of unconstitutionality. *Long v. Board of Supervisors,* 258 Iowa 1278, 1283, 142 N.W.2d 378, 381 (1966).

 Iowa Beef's argument does not address the fact that the IAPA does not infringe this court's constitutionally protected powers. Iowa Const. art. V, § 4, first protects the distinct power of *this* court to issue a writ of certiorari, a power incorporated in Iowa R.App.P. 301–04 and utilized by the Commissioner to bring this appeal. This power is not at issue here.

The constitutional provision also protects this court's power to exercise a supervisory and administrative control over other judicial tribunals, a power exercised in part by adoption of the Iowa Rules of Civil Procedure. This concept finds expression in section 684.18(1), The Code, which provides in relevant part:

> The supreme court shall have the power to prescribe all rules of pleading, practice and procedure, and the forms of process, *writs* and notices, for all proceedings of a civil nature in all courts of this state, for the purpose of . . . promoting the speedy determination of litigation upon its merits.

(Emphasis added.) The power is exercised under section 684.19 procedures, "and thereafter all laws in conflict therewith shall be of no further force or effect." Again, this court's constitutionally protected powers have not been restricted: The prior right to adopt, amend or repeal rules of civil procedure (including Iowa R.Civ.P. 306–19 governing writs of certiorari issued by lower courts) was not affected, nor constitutional protections abridged, by enactment of the IAPA.

Nor were this court's constitutional powers to issue "all writs and process *necessary to secure justice to parties*" affected by enactment of the IAPA. Chapter 17A provides an alternative remedy for obtaining judicial review and securing "justice to parties." It follows Iowa Beef's constitutional argument does not require us to retreat from our *Salsbury Laboratories* holding. Because under this record chapter 17A.19 provides the "exclusive means" of challenging agency action, district court's granting of Iowa Beef's Petition for Writ of Certiorari did not conform to our law.

## II. *Exhaustion of administrative remedies.*

 As Iowa Beef's petition was filed and granted prior to the *Salsbury Laboratories* decision, we look beyond the caption of the petition, as we did in *Salsbury Laboratories,* and treat this petition as one for judicial review.

"Ordinarily an administrative remedy must be exhausted before courts will intervene to grant relief." *City of Council Bluffs v. Pottawattamie County,* 254 N.W.2d 18, 20 (Iowa 1977) (citing cases).

That decision reiterated, *id.*, our holding in *Rowen v. LeMars Mutual Insurance Co.*, 230 N.W.2d 905, 909 (Iowa 1975), that the exhaustion rule does not control unless two conditions are present. "An administrative remedy must exist for the claimed wrong, and the statute must expressly or impliedly require that remedy to be exhausted before resort to the courts." *City of Council Bluffs*, 254 N.W.2d at 20. Both those conditions are met in the instant case. Section 86.24, The Code, provides for appeals within the agency. Section 86.26 provides for judicial review under the IAPA.

As we recently noted in *Salsbury Laboratories*, 276 N.W.2d at 836, section 17A.19(1) "provides the only authority for reviewing agency action which is not final." That section provides in part:

A preliminary, procedural or intermediate agency action is immediately reviewable if all adequate administrative remedies have been exhausted and review of the final agency action would not provide an adequate remedy.

We also stated in *Salsbury Laboratories*, 276 N.W.2d at 837, "Under section 17A.19(1) . . . an inadequate administrative remedy still must be exhausted if judicial review from the final agency action is adequate." Assuming Iowa Beef's constitutional challenge to section 85.71, The Code, cannot be resolved adequately at the commission level,[2] judicial review of the final agency action appears adequate. Nothing in this record indicates otherwise.

Thus, judicial review at this stage is precluded unless the record demonstrates delay will cause Iowa Beef irreparable harm. "[A] litigant who would suffer irreparable harm from administrative litigation delay may proceed to court without exhausting administrative remedies." *Salsbury Laboratories*, 276 N.W.2d at 837. However, Iowa Beef does not allege it would suffer irreparable harm from following the available

administrative remedy before seeking judicial review, and no such evidence is before us. Only a clear showing of irreparable injury from anticipated agency action justifies judicial intervention prior to exhaustion of administrative remedies. *California ex rel. Christensen v. F.T.C.*, 549 F.2d 1321, 1323 (9th Cir.), *cert. denied*, 434 U.S. 876, 98 S.Ct. 227, 54 L.Ed.2d 156 (1977). Monetary losses caused by litigation expenses ordinarily are insufficient to justify judicial intervention at this stage. *Salsbury Laboratories*, 276 N.W.2d at 837–38 (citing authority).

The requirements of section 17A.19 are jurisdictional and must be met. *Southeast Warren Community School District v. Department of Public Instruction*, 285 N.W.2d 173, 176 (Iowa 1979); *Richards v. Iowa State Commerce Commission*, 270 N.W.2d 616, 619 (Iowa 1978). Iowa Beef has not met its burden of demonstrating why it should be permitted to enter court prematurely.

Our holding in division I makes it unnecessary to consider the other issues raised by the Commissioner.

The writ of certiorari previously issued from this court is sustained. The writ of certiorari issued by district court and the district court's stay order are annulled.

WRIT SUSTAINED.

---

2. Iowa Beef's challenge appears to be to the application and interpretation of section 85.71, rather than a facial challenge. Thus, the constitutional challenge may be mooted by evidentiary findings in a contested case proceeding which further support the agency's assertion of jurisdiction. *See Matters v. City of Ames*, 219 N.W.2d 718, 719–20 (Iowa 1974) (where challenge is to statute "as applied" and not "on its face," administrative remedies must be exhausted prior to instituting a court challenge).