**Douglas L. TINDAL, Appellant,**

**v.**

**Nancy NORMAN, Commissioner of the Iowa Department of Human Services, Appellee.**

**No. 87–1392.**

Supreme Court of Iowa.

Aug. 17, 1988.

Douglas L. Tindal of Shearer & Tindal, Washington, for appellant.

Thomas J. Miller, Atty. Gen., and Gordon E. Allen, Deputy Atty. Gen., for appellee.

Considered by SCHULTZ, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

On April 8, 1987, plaintiff, Douglas L. Tindal, filed a petition for writ of certiorari in the district court for Washington County. The gist of his allegations was that defendant, Nancy Norman, in her capacity as commissioner of the department of human services, acted illegally by establishing a collection services center for the processing of child support payments. This allegation is grounded in plaintiff's claim that the legislation providing for such action was enacted in a manner violative of Iowa Constitution article III, section 29. This article states that every act shall embrace but one subject which shall be expressed in the title. The writ issued on April 10, 1987.

Following her unsuccessful special appearance, defendant filed combined motions to strike and to dismiss. The district court determined that the procedures contained in the Iowa Administrative Procedure Act were the exclusive means by which plaintiff could seek judicial review of his claim. Accordingly, the district court concluded that certiorari would not lie and, for lack of jurisdiction, granted defendant's motion to dismiss. This appeal followed.

■ The Iowa Administrative Procedure Act, with an exception not here pertinent, provides the exclusive means by which an aggrieved or adversely affected party may seek judicial review of agency action. Iowa Code § 17A.19 (1987). Accordingly, if this controversy seeks review of agency action, the act's procedures must be adhered to in order for the district court to obtain jurisdiction. *See, e.g., Benson v. Fort Dodge Police Pension Bd. of Trustees,* 312 N.W.2d 548, 548–49 (Iowa 1981). Tindal's petition alleges that Norman, in her official capacity, acted illegally in establishing a collection services center for the processing of child support payments. There appears little doubt that the department of human services constitutes an "agency" within the relevant statutory scheme. *See* Iowa Code § 17A.2(1) (1987). Iowa Code section 17A.2(9) defines "agency action" to include "the performance of any agency duty...." Iowa Code section 252B.13, the source of Norman's authority which Tindal claims was unconstitutionally enacted, states "[t]he department [of human services] shall establish within the [child support recovery] unit a collection services center for the receipt and disbursement of all support payments...." As Tindal's petition challenges the department's performance of this statutory duty, his challenge is leveled at "agency action."

■ We recognize that generally the exhaustion of administrative remedies must precede judicial review in cases of this type. *See, e.g., Ruthven Consol. School Dist. v. Emmetsburg Community School Dist.,* 382 N.W.2d 136, 138–39 (Iowa 1986); Iowa Code § 17A.19(1) (1987) ("A person ... who has exhausted all adequate administrative remedies ... is entitled to judicial review ... under this chapter."). In order for the exhaustion doctrine to apply, however, an adequate administrative remedy must exist which was intended to be exclusive. *Ruthven,* 382 N.W.2d at 139. Here, the plaintiff challenges the facial constitu-

tional validity of the statute under which the defendant was proceeding. We have said that, because agencies cannot decide issues of statutory validity, administrative remedies are inadequate within the meaning of section 17A.19(1) when such a statutory challenge is made. *Salsbury Laboratories v. Iowa Dep't. of Envtl. Quality*, 276 N.W.2d 830 at 836 (Iowa 1979). Accordingly, the exhaustion doctrine does not bar plaintiff's action. In this vein, we also note the inapplicability of the administrative declaratory ruling procedure provided by Iowa Code section 17A.9. That provision authorizes only rulings directed at the applicability, and not the constitutionality, of statutes. Moreover, it is also clear that section 17A.9 contemplates rulings on purely hypothetical sets of facts, not on concrete challenges such as that here presented. *See City of Des Moines v. Public Employment Relations Bd.*, 275 N.W.2d 753, 758 (Iowa 1979).

■ Additionally, as the sole issue involved in this proceeding was not amenable to administrative agency resolution, we are not presented with an issue of error preservation. *See* Allbee & Kincaid, *Error Preservation in Civil Litigation: A Primer for the Iowa Practitioner*, 35 Drake L.Rev. 1, 6 (1985); *Salsbury Laboratories*, 276 N.W.2d at 836. Although in *Chicago and Northwestern Transportation Company v. Iowa Transportation Regulation Board*, 322 N.W.2d 273, 276 (Iowa 1982), we declined on error preservation grounds consideration of a constitutional attack directed at a statute affecting agency action, that issue was only one of several presented to the agency for resolution prior to judicial review. Where, as here, the only issue raised concerns matters upon which an agency is unable to voice an opinion, the concerns for judicial economy and the efficacy of the adversarial system which underlie our error preservation doctrine do not apply. *See* Allbee & Kincaid at 4-6.

It is undisputed that no exception exists to section 17A.19's exclusivity for a writ of certiorari. *Salsbury Laboratories v. Iowa Dep't of Envtl. Quality*, 276 N.W.2d 830, 835 (Iowa 1979); *see Iowa Indus. Comm'r v. Davis*, 286 N.W.2d 658, 661 (Iowa 1979). Moreover, Iowa Rule of Civil Procedure 306 provides that certiorari shall only be granted where an inferior tribunal board or officer, exercising judicial functions is alleged to have exceeded its jurisdiction or otherwise acted illegally. In *Iowa Industrial Commissioner v. Davis*, 286 N.W.2d 658 (Iowa 1979), we considered whether a certiorari proceeding was available to review an act of the Iowa Industrial Commissioner. There we held the decisions of the Commissioner and his deputies were agency actions subject to review exclusively under chapter 17A, even though those administrative officers may be performing a quasi judicial function. The "exclusive means" doctrine for challenging agency action under chapter 17A, enunciated in *Salsbury Laboratories*, was reaffirmed. The procedural vehicle of certiorari thus was not available.

In *Benson v. Fort Dodge Police Pension Board*, 312 N.W.2d 548 (Iowa 1981), we held that certiorari was a properly invoked procedure to question a decision by the Fort Dodge Police Pension Board of Trustees. This board, though a creature of state law, functioned in a specific local geographical area, and was locally administered and controlled. Its function determined its character as a local agency despite its origin in state law. It was therefore not a board of the state subject to IAPA.

■ We find the analysis made in *Davis* controlling in the instant case. Nancy Norman, as commissioner of the Department of Human Services is acting as a state administrative officer, whose decisions are not reviewable by certiorari procedure.

■ Although the petition is labeled certiorari, that is not fatal to the district court's jurisdiction if the instrument may be treated and the case heard through appropriate procedure. *See Salsbury Laboratories*, 276 N.W.2d at 835; *Neumeister v. City Dev. Bd.*, 291 N.W.2d 11, 13 (Iowa 1980).

Tindal's petition contained a concise statement of the nature of its subject agency action, the particular action appealed from, the basis of venue, the grounds for

**874**

relief and the relief sought. The petition was cast as a challenge to agency "action," *i.e.*, action taken under an allegedly invalid statute. However, as the gist of his complaint concerns statutory validity, a challenge directed at the statute itself, and not at any action taken pursuant thereto, would have been appropriate. In *Campbell v. Iowa Beer & Liquor Control Department*, 366 N.W.2d 574 (Iowa 1985), this court stated that, following the exhaustion of administrative remedies, a plaintiff may challenge the validity of an administrative rule by bringing an original action for declaratory or other appropriate relief in the district court. *Id.* at 576–77. We believe a similar action was available to Tindal here, as the exhaustion doctrine would have presented no barrier to the constitutional challenge. The district court, of course, possessed the authority to order the present petition recast as such on its own motion. *See* Iowa R.Civ.P. 81.

Consistent with both *Campbell* and *Chicago and Northwestern* is *Shell Oil Company v. Bair*, 417 N.W.2d 425 (Iowa 1987), in which we also were faced with a constitutional attack upon a statute which affected agency action. Resolving the question whether such a challenge may bypass agency proceedings entirely and be brought as an original action in the district court, we stated that "where the constitutional issue sought to be raised directly affects a matter pending before an agency, administrative exhaustion should ordinarily precede a judicial inquiry into the statute's validity." *Id.* at 429. In the present case, however, no matter was pending before an agency. Accordingly, Tindal's challenge is "entirely anticipatory," *Id.* at 430, and need not have been submitted initially to the agency.

The district court could have taken jurisdiction of this case by treating it as an action for declaratory judgment. On remand, plaintiff shall be allowed to redraft the petition as an original declaratory judgment action. *See* Iowa R.Civ.P. 107, which states "the court shall permit him on such terms, if any, as it may prescribe, to amend by asking for such latter remedy, which may be awarded." *Cf. Stafford v. Valley*

*Comm. Sch. Dist.*, 298 N.W.2d 307 (Iowa 1980) (certiorari action permitted when mandamus action improperly brought). As the district court did not address the petition's merits, we do not address them on appeal. *See Junkins v. Branstad*, 421 N.W.2d 130, 135–36 (Iowa 1988); *Iowa–Illinois Gas & Elec. v. Iowa State Commerce Comm'n*, 347 N.W.2d 423, 427 (Iowa 1984). Such matters are, initially, for the district court's determination.

AFFIRMED AND REMANDED.