James C. **DAVIS** and George E. Flagg, Appellees,

v.

Thomas **PARKINS**, Polk County Auditor, Appellant.

No. 89–1488.

Supreme Court of Iowa.

June 20, 1990.

James A. Smith, County Atty., and Norman G. Jesse, Asst. County Atty., for appellant.

Jeffrey G. Flagg, Des Moines, for appellees.

Thomas J. Miller, Atty. Gen., and Julie F. Pottorff, Asst. Atty. Gen., for amicus curiae, Elaine Baxter, Secretary of State, and Iowa Bd. of Examiners for Voting Machines and Electronic Voting Systems.

Lee Gaudineer of Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, for amicus curiae, Iowa State Ass'n of Counties; Linda Gifford, Election Com'r of Jasper County; James Lynch, Election Com'r of Dallas County; and Paul Choates.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

The plaintiffs, James Davis and George Flagg, filed a petition for an injunction in district court to prevent the Polk County Auditor, as election commissioner, from using electronic voting procedures under Iowa Code chapter 52 (1985), on the ground that the equipment proposed to be used did not meet the specifications for conventional voting booths prescribed by Iowa Code section 49.25(3).

The defendants filed a motion to dismiss for lack of subject matter jurisdiction, asserting the plaintiffs' failure to exhaust their administrative remedies. The motion was overruled, and the district court issued the injunction. We granted the defendant's application for permission to appeal in advance of final judgment and stayed further district court proceedings. We now reverse and remand.

The threshold issue is whether the plaintiffs may challenge the use of this voting equipment without first exhausting the administrative remedies available to them through the Board of Examiners Voting Machines and Electronic Voting Systems (the voting machine board), which is established by Iowa Code section 52.4.

This definition of agency is provided by Iowa Code section 17A.2(1):

"*Agency*" means each board, commission, department, officer or other administrative office or unit of the state.

The voting machine board clearly falls within the definition of agency and, under our administrative procedure act, ch. 17A, the plaintiffs would ordinarily be required to pursue remedies through the board before seeking judicial intervention. *See* Iowa Code § 17A.19; *Tindal v. Norman,*

427 N.W.2d 871, 873 (Iowa 1988); *Salsbury Laboratories v. Iowa Dep't of Envtl. Quality,* 276 N.W.2d 830, 835 (Iowa 1979).

The duties of the voting machine board include approval of proposed voting machines and electronic voting systems, Iowa Code § 52.7, and to assure "absolute secrecy" in the voting process. *Id.* The question raised by the plaintiffs, whether the voting system proposed by the auditor complied with the statute, is a decision which falls squarely under the jurisdiction of the board.

This injunction action was filed on October 27, 1986, and the general election was set for November 4. The plaintiffs argued, and the district court ruled, that lack of time to pursue their administrative remedies was a sufficient basis for allowing a direct action in district court. In *Salsbury,* we held that the exhaustion requirement is not an ironclad rule but that judicial intervention may be sought without exhaustion, if it is necessary to prevent "irreparable injury." *Salsbury,* 276 N.W.2d at 837. However, irreparable injury is a demanding standard. We said in *Salsbury* that

[u]nder most circumstances, monetary losses caused by litigation expenses or deprivation of earnings are insufficient to be considered irreparable injury. Loss or damage to reputation is not ordinarily severe enough to be considered irreparable.

*Id.* (quoting 5 B. Mezines, J. Stein & J. Gruff, *Administrative Law* § 49.23 (1978)).

Here, the plaintiffs have not shown irreparable injury, nor have they claimed any. In fact, it is difficult to conceive how they could be injured if the apparatus in question were allowed to be used by the auditor. Because no irreparable injury was shown, the district court should have dismissed the petition for injunction. Accordingly, we reverse and remand with instructions to dismiss the suit.

REVERSED AND REMANDED.