# IN THE COURT OF APPEALS OF IOWA

No. 13-1357
Filed November 13, 2014

**CITY OF DAVENPORT,**
        Plaintiff-Appellant,

**vs.**

**LAURA PAULSEN f/k/a LAURA TIMM,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.

        The City of Davenport appeals from the district court's dismissal of its

petition for interlocutory judicial review of an order from the Iowa Workers'

Compensation Commission.  **AFFIRMED.**

        Amanda M. Richards and Peter J. Thill of Betty, Neuman & McMahon,

P.L.C., Davenport, for appellant.

        Anthony J. Bribriesco, Andrew W. Bribriesco, and William J. Bribriesco of

William J. Bribriesco & Associates, Bettendorf, for appellee.

        Heard by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

The City of Davenport appeals from the district court's dismissal of its petition for interlocutory judicial review of an order from the Iowa Workers' Compensation Commission. The City claims the district court erred by dismissing its petition and denying its requested stay.

**I. Factual and Procedural Background**

The City offered to hire Laura Paulsen as a police officer on December 14, 2009. The offer was contingent on Paulsen's completion of a series of evaluations and tests. The City asked her to complete the Iowa Law Enforcement Academy. While enrolled in the academy, Paulsen was injured. The City paid for Paulsen's wages, surgery, and ongoing medical care until the date of her maximum medical improvement.

Paulsen returned to work, but the City assigned her only simple office tasks. On March 17, 2010, Paulsen's supervisors asked her to resign within two days. They told her if she did not do so, she would be terminated. Paulsen submitted her resignation based on the ultimatum, but subsequently sent a letter to the city expressing her desire to withdraw the resignation.

Paulsen later applied for a disability pension with the Municipal Fire and Police Retirement System of Iowa (MFPRS), under chapter 411 of the Iowa Code. She learned that her resignation/termination disqualified her from receiving these benefits to which she otherwise would have been entitled.

After learning that she was ineligible for further benefits from MFPRS, Paulsen applied for workers' compensation benefits. In the agency proceeding, the City moved to dismiss for lack of subject matter jurisdiction. The City

asserted Paulsen was still entitled to benefits under Iowa Code chapters 410 and 411 (2009), precluding her from filing a claim for workers' compensation under Iowa Code chapter 85. The motion was denied. The City moved for summary judgment based on the same underlying legal argument.[1] The motion was denied on the basis that it raised the same issues as the motion to dismiss, which had already been ruled upon. The City filed an application for rehearing, which was denied.

The City filed an application for interagency interlocutory appeal. On appeal, the agency decided the motion for summary judgment was distinct from the motion to dismiss and warranted its own decision. The summary judgment motion was remanded for determination. On remand, the motion for summary judgment was granted. Paulsen appealed, and the commissioner reversed the grant of summary judgment and remanded for hearing on the workers' compensation benefits.

The City filed a petition for judicial review of the reversal. It also filed an application to stay agency action pending judicial review. Paulsen filed an application to stay the judicial review proceeding until the agency issued a final ruling. The district court challenged sua sponte its subject matter jurisdiction over the petition for interlocutory judicial review. It found the requirements for interlocutory review were not satisfied and it therefore did not have jurisdiction. It dismissed the petition and denied both applications to stay proceedings.

---

[1] After the City filed the motion for summary judgment, Paulsen voluntarily dismissed her petition without prejudice. She refiled her petition eight months later, the City refiled its motion for summary judgment, and the proceedings picked up where they had left off.

The City appeals, asserting the district court erred in dismissing the petition and denying its motion to stay the agency proceedings. Because our analysis leads us to affirm the district court's dismissal, we need not reach the issue of the petition for stay of agency action.

## II. Scope and Standard of Review

The City's petition for judicial review is interlocutory. The parties agree there is no final agency action at this stage in litigation. This appeal is instead a review only of the district court's disposition: the dismissal for lack of jurisdiction. Therefore the proper standard of review is for errors at law in the district court's dismissal. *Barnes v. State*, 611 N.W.2d 290, 292 (Iowa 2000). The dismissal was based upon a determination that the petition for review did not satisfy the requirements for interlocutory review and the court otherwise lacked subject matter jurisdiction.

All actions taken by the agency in both its arbitration and appellate proceedings are outside our scope of review. Even if this court were so inclined, we may not at this stage render a determination of Paulsen's eligibility for benefits or pass upon the agency's appellate reversal of its prior grant of summary judgment.

## III. Discussion

Interlocutory review is subject to particularized jurisdictional requirements. "A preliminary, procedural, or intermediate agency action is immediately reviewable if all adequate administrative remedies have been exhausted and review of the final agency action would not provide an adequate remedy." Iowa Code § 17A.19(1). This is a two-part inquiry. First, the City must satisfy the

"exhaustion of administrative remedies" doctrine by showing that there are no further actions to be taken at the agency level that could resolve the issue to be appealed. *City of Des Moines v. City Dev., Bd.*, 633 N.W.2d 305, 309 (Iowa 2001). Second, the party seeking interlocutory review bears the burden to establish that "waiting for the administrative process to be completed would not provide an adequate remedy."[2] *Id.*

For a party to show that administrative proceedings cannot provide an adequate remedy, "[w]e require . . . a clear showing of an irreparable injury of substantial dimension." *Riley v. Boxa*, 542 N.W.2d 519, 522 (Iowa 1996). "Monetary losses caused by litigation expenses ordinarily are insufficient to justify judicial intervention at this stage." *Iowa Indus. Com'r v. Davis*, 286 N.W.2d 658, 662 (Iowa 1979).

The City's claim is procedural in nature. It asserts Iowa Code section 85.1(4) renders it immune from litigation before the agency and removes subject matter jurisdiction from the agency. Section 85.1(4) provides, "[The workers' compensation] chapter does not apply to [] persons entitled to benefits pursuant to chapters 410 and 411."[3]

---

[2] "Since both requirements must be satisfied before intermediate judicial review is permitted, the failure to meet one requirement disposes of the issue." *Richards v. Iowa State Commerce Comm'n*, 270 N.W.2d 616, 620 (Iowa 1978). Because we ultimately conclude the City has not satisfied the second requirement, we need not undertake an analysis of the first.

[3] Eligibility for the benefits for which Paulsen applied is controlled by Iowa Code section 411.6(3):

> Upon application to the system, of a member in good standing or of the chief of the police or fire departments, respectively, any member in good standing shall be retired by the system, not less than thirty and not more than ninety days next following the date of filing the application, on an ordinary disability retirement allowance, if the medical board after a medical examination of the member certifies that the member is mentally

The City asserts under the plain language of this statute, it "is immune from suit under the Workers' Compensation Act for cases where Chapters 410 and 411 apply." Based on the City's interpretation of the statute, litigating Paulsen's claim would cause irreparable harm "because [the City] would have had to undergo litigation it was never intended to have to undergo." It acknowledges that the costs of the litigation are not an irreparable injury, but asserts instead the violation of its claimed immunity is irreparable injury in the abstract.

However, the City cites no case law and presents no evidence of legislative intent to support its characterization of the statute as either a grant of immunity or a deprivation of subject matter jurisdiction.[4] It notes that "workers' compensation and chapter 411 benefits . . . are mutually exclusive." *Goebel v.*

---

> or physically incapacitated for further performance of duty, that the incapacity is likely to be permanent, and that the member should be retired. . . . A member who is denied a benefit under this subsection, by reason of a finding by the medical board that the member is not mentally or physically incapacitated for the further performance of duty, shall be entitled to be restored to active service in the same position held immediately prior to the application for disability benefits. The member-in-good-standing requirement of this subsection may be waived for good cause as determined by the board. The burden of establishing good cause is on the member.

The City does not specify which subsection of chapters 410 or 411 it relies upon to assert that Paulsen is eligible for benefits, but we infer from its legal argument that it relies upon Iowa Code section 410.18:

> Cities shall provide hospital, nursing, and medical attention for the members of the police and fire departments of the cities, when injured while in the performance of their duties as members of such department, and shall continue to provide hospital, nursing, and medical attention for injuries or diseases incurred while in the performance of their duties for members being paid a pension by the city . . . .

It is undisputed that the City paid Paulsen's medical expenses that arose as a result of the injury.

[4] The only such citation is to a case in Florida. *Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc.*, 104 So. 3d 344, 353 n.6 (Fla. 2012). The case concerns a state-created property insurer, and it is not instructive in determining the intent of the Iowa legislature relative to workers' compensation claims.

*City of Cedar Rapids*, 267 N.W.2d 388, 390 (Iowa 1978). But there is no indication in our jurisprudence that such mutual exclusivity carries jurisdictional weight. There is no evidence of legislative intent that permits us to categorize a hearing determining Paulsen's eligibility for benefits as "litigation [the City] was never intended to have to undergo."

In order to make the claim that section 85.1(4) renders it immune from the workers compensation action and deprives the agency of subject matter jurisdiction, the City asserts a conclusory statement that Paulsen is "entitled to benefits pursuant to chapters 410 and 411."[5] For the district court to have found—or for this court to find—Paulsen is entitled to these benefits in the manner contemplated by section 85.1(4), it would have to reach a conclusion on the substantive law controlling Paulsen's eligibility for benefits. In other words, the City asks this court to render a substantive determination in order to allow it to avoid litigating that very issue of substantive law. The City's claim simply begs the question, which is to say it assumes its own conclusion. The City argues a

---

[5] The City clarified its interpretation of the statute in oral arguments before this court. The City claims Paulsen's past eligibility for medical and wage benefits under chapters 410 and 411 obviate the need to consider her present ineligibility for disability pension benefits. It argues section 85.1(4) is unambiguous in its mandate that any eligibility for any kind of benefits under chapters 410 and 411 at any time removes an employee from workers' compensation benefit eligibility.

There are both legal and factual disputes as to whether the City's interpretation and application is correct. It is clear that Paulsen has been denied benefits (i.e., a disability pension) under chapters 410 and 411 due to ineligibility, but she has already received other benefits under those sections (i.e., wages and medical benefits). The agency has not made specific findings of fact or determinations of law for this court to review the substantive matter underlying the action. Therefore we cannot accept as fact the City's bare assertion that Paulsen is "entitled to benefits" as that phrase was intended to operate by the legislature in Iowa Code section 85.1(4). There are ambiguities that first require an interpretation for our review. For example, section 85.1(4) does not make clear whether an employee's entitlement to benefits under chapters 410 and 411 renders that employee ineligible for benefits under chapter 85 contemporaneously with eligibility for benefits under chapters 410 and 411 or permanently.

matter of substantive law should insulate it from litigating the substantive law upon which it relies to insulate itself.

The foundational flaw in the City's claim makes it impossible to establish that a review of a final agency action would be insufficient. To the contrary, it is impossible to judicially review the matter of Paulsen's eligibility without an agency determination to that effect. To determine the applicability of section 85.1(4), the parties must litigate the merits of the case. Our legislature could not have intended to immunize employers such as the City from litigation merely by the employer's own unilateral declaration of an employee's eligibility for certain benefits.[6]

The City's characterization of an issue of substantive law as a grant of immunity from litigation is not supported by our law. The City claims Paulsen is ineligible for benefits under Iowa Code chapter 85. Even if the City is ultimately correct, the appropriate remedy should be determined *after* the issue is fully developed before the agency. It is not a proper remedy to dismiss the case without substantively establishing Paulsen's eligibility under chapters 85, 410, and 411. The City's claimed remedy of immunity is not one provided to it by law. Therefore, the district court was correct to find that the City will not be irreparably harmed by litigating the matter before the agency. Judicial review of the final

---

[6] We agree with the agency's statement:

> It would be an absurd result to deny a disabled law enforcement officer any form of compensation due to the legal crevasse into which [Paulsen] has fallen—especially in light of the path upon which [the City] sent her down by meeting with her regarding her future as a police officer and the lack of notice as to the implications as to her rights to compensation for a non-disputed work-related injury.

agency action will adequately provide the City with any remedies to which it is entitled.

The City has failed to establish that waiting for the conclusion of the agency proceeding would provide an inadequate remedy. The district court was therefore unable to hear the matter as an interlocutory petition. The district court could only hear the matter if it were to review a final agency disposition. Because there was no final agency disposition, the district court had no subject matter jurisdiction over the petition. *See* Iowa Code § 17A.19(1). Without either a proper interlocutory petition or subject matter jurisdiction, the district court properly dismissed the action on its own motion.

## IV. Conclusion

The district court correctly found the City has not shown that irreparable harm will result in waiting for a final agency decision before judicial review. Because we affirm the district court's dismissal, the City's appeal of the court's denial of its petition to stay agency action pending decision on judicial review is moot. We therefore further affirm the district court's denial of the City's petition to stay.[7] We agree with the City's sentiment expressed at oral argument: the

---

[7] We note that an analysis of the petition for stay of agency proceedings yields the same result. The applicable test asks us to balance the City's likelihood of prevailing on judicial review, any irreparable injury to the City, and any substantial harm to Paulsen. *See* Iowa Code § 17A.19(5)(c). The City's procedural argument is erroneous and was not likely to prevail before the court. (And if the statute is interpreted as the City describes in its brief, neither party appears to be obviously more likely than the other to prevail in the underlying action before the agency.) There is no irreparable injury to the City because litigating the substantive issue of Paulsen's eligibility would ultimately be required regardless of the stay. There may be substantial harm to Paulsen because, if she is in fact eligible for benefits, this lengthy litigation process would continue to delay her receipt of any benefits owed. The factors do not weigh in the City's favor. Denial of its petition to stay agency action was proper, and the district court did not abuse its discretion in doing so. *See Grinnell Coll. v. Osborn*, 751 N.W.2d 396, 398 (Iowa 2008)

ultimate goal of the present action is to have an appropriate body apply the facts of this case to the legislature's mandate in Iowa Code section 85.1(4). The most appropriate forum for such an analysis is the workers' compensation commission. In the absence of pending judicial review, the agency may proceed to the merits of Paulsen's petition.

**AFFIRMED.**

Vaitheswaran, J., concurs; Vogel, P.J., dissents.

---

(noting "the issuance of a stay is discretionary" and "review of the district court's decision whether to stay agency action . . . is for abuse of discretion").

**VOGEL, P.J.** (dissenting)

I respectfully dissent, as I would find the district court erred in concluding it did not have subject matter jurisdiction to hear the appeal.

On January 9, 2012, the City moved for summary judgment, asserting that because Paulsen had received benefits under Iowa Code chapters 410 and 411, "the Workers' Compensation Commissioner has no subject matter jurisdiction over this case and the same should be dismissed." In an intra-agency appeal of the deputy's decision denying the motion for summary judgment, the commissioner determined the City's motion for summary judgment, "shall be remanded back to a deputy workers' compensation commissioner for consideration of whether the division has subject matter jurisdiction on this claim."

On remand, the deputy found, the claimant, "is not entitled to benefits under Chapter 85 and that [the City] is entitled to summary judgment." The deputy ordered, "Paulsen takes nothing under Iowa Code chapter 85."

When Paulsen appealed that decision, the commissioner found, "The Iowa workers' compensation act is therefore her only appropriate and remaining remedy." The commissioner found chapter 85 precluded only those found to be "entitled" to benefits under chapters 410 and 411, and Paulsen had been found not to be "entitled" to any form of disability benefits. The commissioner therefore reversed the deputy's decision granting the City summary judgment and concluded, "This matter shall be promptly set for hearing on the arbitration hearing docket." That is, the commissioner determined it did have jurisdiction and the workers' compensation commission was the proper entity for Paulsen to

pursue her claim for benefits. Her arbitration petition would therefore go forward, going to the merits of her claim, that she suffered an injury arising out of her employment and proving what benefits she would be entitled to. *See Meyer v. IBP, Inc.*, 710 N.W.2d 213, 220 n.2 (Iowa 2006) (providing a claimant in a workers' compensation proceeding needs to establish (1) an employer-employee relationship at the time of the injury, (2) an injury arising out of and in the course of employment, and (3) the injury proximately caused the employee's disability).

On judicial review, the district court initially noted, "the commissioner determined that [Paulsen] was found to be entitled to recover workers' compensation benefits under Iowa Code chapter 85 and not through Iowa Code chapters 410 or 411." However, it then shifted positions by stating, "It is clear to this court that the ultimate determination of the legal issue presented; i.e., whether [Paulsen] is covered by Iowa Code chapter 85, would best be accomplished by a full exposition of the relevant evidence in a contested case proceeding." The district court then dismissed the appeal for lack of subject matter jurisdiction.

While the majority affirms this ruling, I would find the district court did have jurisdiction to decide the issue, as the commissioner had made the final agency ruling on the issue of whether Paulsen could pursue her claim under chapter 85. Therefore, I would reverse the district court, and remand to allow the district court to review whether the commissioner was correct in finding it had jurisdiction under chapter 85 to allow Paulsen's claim to move forward.