# IN THE COURT OF APPEALS OF IOWA

No. 21-1246
Filed December 21, 2022


**MICHELLE TUTTLE,**
    Plaintiff-Appellant,

**vs.**

**IOWA WORKERS' COMPENSATION COMMISSIONER,**
    Defendant-Appellee.

_____


Appeal from the Iowa District Court for Polk County, Samantha J. Gronewald, Judge.


Plaintiff appeals the district court's dismissal of her petition for writ of certiorari which challenges the workers' compensation commissioner's ruling on an interlocutory appeal involving a discovery dispute in proceedings before the commissioner. **REVERSED AND REMANDED.**


Dennis Currell, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Emily Willits, Assistant Attorney General, for appellee.


Heard by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Michelle Tuttle appeals the district court's dismissal of her petition for writ of certiorari challenging the workers' compensation commissioner's ruling on an interlocutory appeal concerning a discovery dispute in proceedings before the commissioner. We find the exclusive means of challenging a decision of the workers' compensation commissioner regarding a discovery dispute is through a petition for judicial review under Iowa Code chapter 17A (2020). We reverse the district court's decision because Tuttle's petition for writ of certiorari could be considered by the district court as a petition for judicial review. On remand, the court should determine the appropriateness of interlocutory review considering whether adequate administrative remedies have been exhausted and whether review of the final agency action would not provide an adequate remedy.

## I.  Background Facts & Proceedings

Tuttle had multiple workers' compensation claims arising from her employment with Archer Daniels Midland Co. (ADM). During discovery, Tuttle requested, "[c]omplete copies of all photographs, surveillance films and/or videotapes that Employer and insurance carrier have of [Tuttle], in or at the factory or adjacent parking lots." ADM's response to this particular discovery request was "none." ADM did not update its discovery responses.

ADM requested an independent medical examination (IME) with Dr. Chad Abernathey. The materials ADM submitted to Dr. Abernathey included a statement from ADM's counsel: "Visual images exist at ADM that display [Tuttle] walking as she arrives to work at the beginning of her shift, and leaves work at the end of her

shift, on her last date worked, March 19, 2020, with no visual signs of injury or altered gait/limp."

After Dr. Abernathey issued a final IME report, Tuttle served Dr. Abernathey with a subpoena at his home, requesting documents supporting the report, including the visual images ADM offered to Dr. Abernathey. Dr. Abernathey provided the information requested in the subpoena.

On November 19, in the workers' compensation proceedings, ADM moved to quash or enter a protective order regarding the subpoenas. ADM also sought sanctions against Tuttle. Tuttle resisted ADM's motions, claiming the workers' compensation commissioner did not have jurisdiction to address the motions. Tuttle asserted that ADM needed to seek relief in district court. A hearing was not held on ADM's motions.

A deputy commissioner found that under Iowa Code section 17A.13(1), the agency lacked authority to quash a subpoena and determined ADM would need to proceed with an action to quash in district court. The deputy found, however, that the agency had jurisdiction to adjudicate discovery disputes and could address a protective order. The deputy granted the protective order, finding the subpoenas were overbroad.[1] The deputy determined that as a sanction, Tuttle should pay Dr. Abernathey's fees, which were $3900.[2] The deputy denied Tuttle's motion filed

---

[1] The deputy found Tuttle should have filed a motion to compel for allegedly deficient discovery responses, rather than serving a subpoena on Dr. Abernathey.
[2] Tuttle also served two ADM employees with subpoenas that requested surveillance films or videotapes of Tuttle at her workplace. The deputy commissioner concluded "[t]he service of subpoenas on ADM employees, as the alleged custodians of records is not unreasonable," and did not order any sanctions for the subpoenas on the ADM employees. That ruling has not been challenged on appeal.

pursuant to Iowa Rule of Civil Procedure 1.904(2), asking the deputy to reconsider the ruling.

Tuttle filed an application for an interlocutory appeal to the workers' compensation commissioner. The commissioner denied the request for an interlocutory appeal:

> Upon review of the record in the agency file, I find that the ruling at issue is interlocutory. I further find that while substantial rights may be affected by the ruling, the ruling will not necessarily materially affect the final decision and that determination of the correctness of the ruling at this time will not necessarily better serve the interests of justice than preserving the potential issue for review when the case in chief is decided on appeal if events progress to that point. Grounds do not exist to grant an appeal from the interlocutory ruling.

Tuttle filed a petition for writ of certiorari in district court, claiming the commissioner acted illegally by acting outside the agency's jurisdiction by ruling on the contested subpoenas. The commissioner moved to dismiss on the grounds that (1) judicial review under Iowa Code chapter 17A was the exclusive means to challenge the commissioner's decision and (2) Tuttle was required to exhaust administrative remedies. Tuttle resisted the motion to dismiss.

The district court determined there was a complete remedy available to Tuttle under Iowa Code chapter 17A and she "cannot rely on a writ of certiorari under Iowa Rule of Civil Procedure 1.1401 to circumvent the exclusivity of Chapter 17A." The court stated:

> Therefore, the Court rejects Tuttle's arguments that Chapter 17A is not the exclusive means to challenge this agency action because: (1) the plain language of 17A.19 makes it clear that it is the exclusive means to challenge an agency action, unless expressly provided otherwise by referring to Chapter 17A by name and (2) the cases cited by and relied upon by Tuttle stating the contrary as to the

exclusivity of 17A are distinguishable from the facts presented to the Court in this case.

The court granted the commissioner's motion to dismiss the petition for writ of certiorari.[3] Tuttle appeals the district court's decision.

## II.      Standard of Review

A district court's ruling on a motion to dismiss is reviewed for the correction of errors at law. *Askvig v. Snap-On Logistics Co.*, 967 N.W.2d 558, 560 (Iowa 2021). "For purposes of reviewing a ruling on a motion to dismiss, we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions." *Struck v. Mercy Health Servs.-Iowa Corp.*, 973 N.W.2d 533, 538 (Iowa 2022) (citation omitted). A motion to dismiss will be affirmed "only if the petition shows no right of recovery under any state of facts." *Id.* (citation omitted).

## III.      Discussion

**A.**      The district court granted the commissioner's motion to dismiss because Tuttle sought to challenge the commissioner's decision denying her request for interlocutory relief on issues involving discovery disputes through a petition for writ of certiorari to the court. The court determined that a petition for judicial review under chapter 17A was the sole means of relief available to Tuttle. The court concluded that because Tuttle sought the wrong form of relief, her petition should be dismissed.

Section 17A.19 provides:

> Except as expressly provided otherwise by another statute referring to this chapter by name, the judicial review provisions of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial

---

[3] In the same ruling, the court denied ADM's motion to intervene.

review of such agency action. However, nothing in this chapter shall abridge or deny to any person or party who is aggrieved or adversely affected by any agency action the right to seek relief from such action in the courts.

An issue similar to the one raised in this case is found in *Iowa Industrial Commissioner v. Davis*, where an employer filed a petition for writ of certiorari in district court seeking review of intermediate agency action. 286 N.W.2d 658, 659 (Iowa 1979). The commissioner objected, claiming the exclusive means of judicial review of agency action was through chapter 17A. *Id.* at 660. The district court granted the petition for writ of certiorari, and the matter was appealed to the Iowa Supreme Court. *Id.*

The supreme court stated, "Chapter 17A provisions ordinarily prevail over the Iowa Rules of Civil Procedure governing common-law writs such as certiorari." *Id.* (citing *Salisbury Labs. v. Iowa Dep't of Envtl. Quality*, 276 N.W.2d 830, 835 (Iowa 1979)). The court concluded, "Because under this record chapter 17A.19 provides the 'exclusive means' of challenging agency action, [the] district court's granting of [the employer's] Petition for Writ of Certiorari did not conform to our law." *Id.* at 661; *see also Tindal v. Norman*, 427 N.W.2d 871, 874 (Iowa 1988) ("It is undisputed that no exception exists for section 17A.19's exclusivity for a writ of certiorari.").

Any exception to the exclusivity provision in section 17A.19 must be expressly stated in a statute. *Marek v. Johnson*, 958 N.W.2d 172, 177 (Iowa 2021). Section 86.26(1) provides, "Judicial review of decisions of the workers' compensation commissioner may be brought in accordance with chapter 17A." We conclude that the statute governing judicial review of workers' compensation

cases, section 86.26, does not expressly provide an exception to the exclusivity provision of section 17A.19. *See Davis*, 286 N.W.2d at 660.

Furthermore, section 17A.13, regarding agency subpoena powers, "does not purport to create an exception to the prerequisites for judicial review established in section 17A.19(1)." *Christensen v. Iowa Civ. Rts Comm'n*, 292 N.W.2d 429, 431 (Iowa 1980). The Iowa Supreme Court has stated:

> If parties were able to interrupt agency proceedings by bringing original district court actions to obtain assistance with every discovery problem which conceivably might arise, the agency process could be effectively disrupted and courts would have a difficult additional burden. We believe the legislature intended that discovery problems in administrative proceedings be settled before the agency whenever possible and, in any event, that judicial review ordinarily await final agency action. We hold that sections 17A.13 and 17A.19 do not give nonagency parties a right of immediate recourse to the courts. Discovery disputes are subject to review on the same terms as other agency action.

*Id.*; *see also Wai Cheng v. Stanley*, No. 08-0737, 2009 WL 3337636, at *1 (Iowa Ct. App. Oct. 7, 2009) ("Therefore, only upon final agency action, may the aggrieved party seek judicial review to enforce compliance with the subpoena.").

We find the exclusive means of challenging a decision of the workers' compensation commissioner regarding a discovery dispute is through a petition for judicial review under chapter 17A.[4]

---

[4] We distinguish this case from *Denison Municipal Utilities v. Iowa Workers' Compensation Commissioner*, where an employer challenged the assessment of a fine imposed by the commissioner for failing to file a first report of injury. 857 N.W.2d 230, 233 (Iowa 2014). There, the Iowa Supreme Court stated "because [the employer] challenged the authority and legality of the commissioner's actions in district court, the district court should have treated [the employer's] appeal as a writ of certiorari." *Id.* at 234. The court noted, "the commissioner is the only party interested in assuring that such assessments are upheld." *Id.* Unlike *Denison*, both parties here are involved in the discovery dispute. "[C]ontests over discovery"

**B.** Tuttle filed a petition for writ of certiorari, rather than a petition for judicial review. The district court determined that because Tuttle sought the incorrect form of relief, the petition should be dismissed.

In general, when a petition for writ of certiorari is improper, "we may treat [the] case as a proper chapter 17A appeal if the situation merits." *Walmart Stores, Inc. v. Iowa Civ. Rts. Comm'n*, No. 15-1691, 2016 WL 7403726, at *1 (Iowa Ct. App. Dec. 21, 2016); *see also Tindal*, 427 N.W.2d at 874 ("Although the petition is labeled certiorari, that is not fatal to the district court's jurisdiction if the instrument may be treated and the case heard through appropriate procedure."); *Neumeister v. City Dev. Bd.*, 291 N.W.2d 11, 13 (Iowa 1980) ("That the petition was labeled one for declaratory judgment and not review is not fatal if the instrument, its filing and other procedural steps, met section 17A.19 requirements."); *Salsbury Labs.*, 276 N.W.2d at 835 ("Rather than conclude Salsbury can have no relief because it has not pled the only cause of action available, we look beyond the labels of Salsbury's petition.").

We look to Tuttle's petition for writ of certiorari to determine if it may be considered as a petition for judicial review. *See Salsbury Labs.*, 276 N.W.2d at 835. A petition for judicial review must be filed within thirty days after an agency's final decision. Iowa Code § 17A.19(3). We consider whether the petition "contain[s] a concise statement of the nature of its subject agency action, the particular action appealed from, the basis of venue, the grounds for relief and the relief sought." *Tindal*, 427 N.W.2d at 873–74. Additionally, a party must comply

---

do not come within "an exception to the prerequisites for judicial review." *Christensen*, 292 N.W.2d at 431.

with the service of notice requirements of section 17A.19(2). *Neumeister*, 291 N.W.2d at 13–14; *see also Logan v. Bon Ton Stores*, 943 N.W.2d 7, 12 (Iowa 2020) (concluding substantial compliance with the service requirement was all that was required).

The commissioner's ruling denying Tuttle's application for interlocutory appeal was filed on February 19, 2021. Tuttle's petition for writ of certiorari was filed on March 19, so it was within the thirty days required for a petition for judicial review. *See* Iowa Code § 17A.19(3). The petition explains the nature of the agency action being challenged and the commissioner's decision Tuttle was asking to be reviewed. *See Tindal*, 427 N.W.2d at 873–74. The petition was filed in Polk County, where all petitions can be filed. *See* Iowa Code § 17A.19(2). The petition also set out the grounds for relief and the relief sought. *See Tindal*, 427 N.W.2d at 873–74. There has been no complaint that Tuttle failed to comply with the service of notice requirements for petitions for judicial review. *See Neumeister*, 291 N.W.2d at 13–14.

Under section 17A.19(1), "A person or party who has exhausted all adequate administrative remedies and who is aggrieved or adversely affected by any final agency action is entitled to judicial review thereof under this chapter." In regard to interlocutory review, we have stated:

> A party seeking judicial review of non-final agency action, as here, must show that (1) adequate administrative remedies have been exhausted and (2) review of the final agency action would not provide an adequate remedy. Because "both requirements must be satisfied before intermediate judicial review is permitted, the failure to meet one requirement disposes of the issue."

*Walmart Stores*, 2016 WL 7403726, at *1 (quoting *Richards v. Iowa State Com. Comm'n*, 270 N.W.2d 616, 620 (Iowa 1978)).

We conclude Tuttle's petition for writ of certiorari could be considered by the district court as a petition for judicial review. The court should order Tuttle to present a recast petition. *See Tindal*, 427 N.W.2d at 874. "As the district court did not address the petition's merits, we do not address them on appeal. Such matters are, initially, for the district court's determination." *Id.* (citations omitted).

We reverse the district court's decision dismissing Tuttle's petition on the ground that she filed a petition for writ of certiorari rather than a petition for judicial review. On remand, the court should consider whether adequate administrative remedies have been exhausted and whether review of the final agency action would not provide an adequate remedy. *See Walmart Stores*, 2016 WL 7403726, at *1. If both of these requirements are met, the court should consider the merits of Tuttle's claims. *See id.*

**REVERSED AND REMANDED.**